UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PONTIER,<br><br>                            Plaintiff,<br><br>v.<br><br>GEICO INSURANCE, MARYLAND CORPORATION; FARMERS INC., CORPORATION; JP MORGAN CHASE BANK, N.A., A DELAWARE CORPORATION; JOSEPH DANG, AN INDIVIDUAL,<br><br>                            Defendants. | Case No.: 21cv0199-GPC(DEB)<br><br>**ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT** |

On March 9, 2021, Plaintiff submitted an amended complaint against Defendant GEICO which the Court rejected. (Dkt. No. 38.)

The original complaint was filed in the District of Nevada on August 5, 2020. (Dkt. No. 1.) On November 16, 2020, Defendant JP Morgan Chase Bank, N.A. ("Chase Bank") filed a motion to dismiss, or to transfer venue. (Dkt. No. 7.) On November 19, 2020, Defendant Geico Insurance ("Geico") filed its motion to dismiss, or in the alternative, to transfer the case to the Southern District of California. (Dkt. No. 9.) Plaintiff subsequently filed a motion for extension of time to file a response to the

1

motions to dismiss, a motion to stay proceedings, and a motion to amend the complaint (Dkt. Nos. 13, 15, 16, 19.) Defendants Geico and Chase Bank filed non-oppositions to these motions on December 9, 2020. (Dkt. Nos. 20, 21.)

On February 1, 2021, the case was transferred to this district based on the counterdefendant Joseph Dang's motion to enjoin prosecution of later filed case by the undersigned judge in the related case number 19cv1519. (Dkt. Nos. 24, 25.) Therefore, the district court in Nevada never ruled on Defendants Chase Bank and Geico's motions to dismiss nor Plaintiff's motion for extension of time to file an opposition, motion to stay and motion to amend the complaint.

Once the case was transferred, Defendants Geico and Chase Bank appear to have refiled their motions to dismiss on February 5, 2021 and February 22, 2021, respectively. (Dkt. No. 30, 36.) Because Defendants Geico and Chase Bank did not oppose Plaintiff's motion to amend the complaint, the Court finds it appropriate to grant Plaintiff leave to file an amended complaint at this time.

While Plaintiff attempted to file an amended complaint, he did so only as to Defendant Geico and not the other named defendants. An amended complaint must be complete by itself without reference to either of his previous pleadings and Defendants not named and any claim not re-alleged in his amended complaint will be considered waived. *See* S.D. Local Civ. R. 15.1; *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."). Therefore, because it does not appear that Plaintiff intended to bring an amended complaint solely against Geico, the Court GRANTS Plaintiff leave to file an amended complaint that is complete by itself. Plaintiff is directed to file an amended complaint on or before **April 1, 2021**.

IT IS SO ORDERED.

Dated: March 16, 2021

Hon. Gonzalo P. Curiel
United States District Judge