UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PONTIER,<br><br>                    Plaintiff,<br><br>v.<br><br>GEICO INSURANCE, et al.,<br><br>                    Defendants. | Case No.: 21cv199-LL-AHG<br><br>**ORDER DENYING MOTION FOR STAY**<br><br>[ECF No. 67] |

Before the Court is Plaintiff David Pontier's Motion to stay this case pending resolution of the petition for writ of certiorari he filed with the U.S. Supreme Court on December 11, 2023 seeking review of a decision by the U.S. Court of Appeals for the Ninth District that affirmed an order by this Court in a related case. ECF No. 67. For the reasons set forth below, the Court **DENIES** Plaintiff's Motion.

**I.   BACKGROUND**

This case originated on August 5, 2020 when Plaintiff filed a complaint in federal court in Nevada against GEICO Insurance, Farmers Insurance, JP Morgan Chase Bank, N.A., Phia Group, LLC, the State Bar of California, the State of California, Joseph Dang, Glenn C. Nusbaum, Kevin Yoo, and Paul E. Kim, M.D. Inc. alleging conversion, bad faith, fraud, and violations of the federal Fair Debt Collection Practices Act ("FDCPA"). ECF No. 1.

On December 18, 2020, in the related case of *Dang v. Pontier*, No. 19cv1519-LL-AHG (S.D. Cal.), the Court granted Joseph Dang's motion to enjoin further prosecution of this case in the District of Nevada under the first-to-file rule. ECF No. 22. The Court found that the facts and issues in the counterclaims in *Dang v. Pontier* were substantially similar to the facts and issues in the Nevada case. ECF No. 22-1 at 7–8. Subsequently, on February 1, 2021, the Nevada case—the instant case—was transferred to this district. ECF Nos. 24, 25.

Plaintiff appealed the order enjoining the suit in Nevada to the Ninth Circuit, and on September 12, 2023, the Ninth Circuit affirmed this Court's injunction of the Nevada suit and dismissed all other issues raised by Plaintiff for lack of jurisdiction. Mandate of USCA, *Dang v. Pontier*, No. 19cv1519-LL-AHG (S.D. Cal Oct. 11, 2023), ECF No. 175.

On December 11, 2023, Plaintiff filed a petition for a writ of certiorari to the Supreme Court seeking review of the Ninth Circuit decision affirming this Court's injunction of the Nevada case. Notice from USCA, *Dang v. Pontier*, No. 19cv1519-LL-AHG (S.D. Cal Dec. 19, 2023), ECF No. 184. On January 18, 2024, Pontier filed the instant Motion to stay this case. ECF No. 67.

## II.   LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 1936). A trial court may "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case," whether or not the issues in such proceedings are controlling in the action before the court. *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) (citations omitted). In considering whether to stay a proceeding, a court should weigh the competing interests that will be affected by the granting or denial of a stay, such as the following: "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward,

and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citation omitted). The movant bears the burden of showing a stay is appropriate. *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255).

## III.   DISCUSSON

Plaintiff, proceeding pro se, seeks to stay this case for sixty days pending resolution of his petition for writ of certiorari to the Supreme Court. ECF No. 67 at 2. In support, Plaintiff contends that (1) he has medical and health issues and a stay of sixty days will allow him to address his medical needs of spinal surgery and hip replacement surgery, and (2) a stay will allow him to go through his physical records to locate and resubmit documents and motions he had filed with the Clerk's Office in April 2021—for which he received certified mail receipts—but are not on the docket. *Id.* at 2–3. Plaintiff also states that Defendants do not oppose a sixty-day stay. *Id.* at 2.

The Court, while sympathetic to Plaintiff's health issues, does not find that a stay is necessary or appropriate at this time. Although Plaintiff argues that the case should be stayed while his petition for writ of certiorari is pending, his reasons in support are based on health and personal reasons and not related at all to any decision by the Supreme Court or how that decision will impact this case in any way, including in terms of simplifying or complicating issues, proof, and questions of law. Therefore, Plaintiff has not met his burden to show that a stay is appropriate while his petition for writ of certiorari is pending.

The Court also finds Plaintiff has not met his burden to show a stay is appropriate for health or medical reasons. Plaintiff appears to argue that he will suffer hardship or inequity if he is required to move forward with the case due to health and medical reasons. Plaintiff states that he suffers from severe chronic pain which limits his ability to walk, stand, and sit and requests the stay to allow him "to address medical need of spinal surgery, hip replacement surgery." *Id.* However, he does not specify when his surgeries are scheduled or why it is a hardship to move forward, and the Court is unable to determine if

Plaintiff's surgeries are imminent or not yet scheduled. If medical reasons prevent Plaintiff from being able to meet any deadlines in the current case scheduling order [ECF No. 61], he may meet and confer with Defendants to propose a joint motion to amend the scheduling order or if they will not agree, file a motion on his own requesting the same.

Finally, the Court finds Plaintiff has not met his burden to show a stay is appropriate for his refiling reasons. Plaintiff states that he located three certified mail receipts indicating that the Clerk's Office signed for documents he submitted for filing, but those documents are not in the "case history" or docket. ECF No. 67 at 3. He also states that he filed several motions or documents in April 2021 that are not on the docket. *Id.* at 2. The Court does not find it appropriate to stay the case for Plaintiff to search his records. If motions or documents were unfiled in April 2021, Plaintiff has had ample time to discover and remedy any error because almost three years have passed since then. Plaintiff does not specify what the motions or documents are, and the Court cannot determine if their absence would cause him to suffer hardship or inequity by moving forward. Plaintiff may search his files, but the Court does not find it appropriate to halt this entire case for sixty days to allow him to do so.

### IV. CONCLUSION

Plaintiff has not met his burden of showing that a stay is warranted, and the Court finds that a stay would interfere with the orderly course of justice in this lawsuit, filed over three years ago. For the reasons set forth above, the Court **DENIES** Plaintiff's Motion to stay this case.

**IT IS SO ORDERED.**

Dated: February 2, 2024

_____
Honorable Linda Lopez
United States District Judge