1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                        SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11 DAVID PONTIER, | Case No.: 3:21-cv-00199-LL-AHG |
| 12                Plaintiff, | **ORDER DENYING PLAINTIFF'S** |
| 13 v. | **MOTION FOR RECUSAL** |
| 14 GEICO INSURANCE; JP MORGAN | |
| 15 CHASE BANK, N.A.; JOSEPH DANG, et al., | **[ECF Nos. 104, 105]** |
| 16 | |
| 17              Defendants. | |
| 18 | |
| 19 | |

20          Before the Court is Plaintiff David Pontier's ("Plaintiff") Motion for Recusal. ECF
21 No. 104; *see also* ECF No. 105 (memorandum of points and authorities in support of
22 Plaintiff's motion). The Court finds the matter suitable for submission without oral
23 argument pursuant to CivLR 7.1(d)(1). ECF No. 106.

24 **I.      BACKGROUND**

25          In his motion, Plaintiff requests that the undersigned recuse from the instant case, as
26 well as the related interpleader case. ECF No. 104 at 14; *see Dang v. Pontier*, No.
27 19cv1519-LL-AHG (S.D. Cal.). Plaintiff seeks this Court's recusal because (1) the
28 undersigned is a member of the State Bar of California, (2) the undersigned is biased

regarding the merits of the interpleader case and has violated Plaintiff's due process rights by not ruling on his defenses, and (3) the undersigned has not afforded Plaintiff the same opportunities that she has other *pro se* litigants.

First, Plaintiff seeks the Court's recusal because the undersigned[1] is a member of State Bar of California, who is also a defendant in this case. ECF No. 104 at 1–2. Plaintiff contends that he sought to have the case heard in Nevada, where the judge assigned to the case was not a member of the California Bar. *Id*. at 11–12. As such, Plaintiff reiterates his arguments that venue is not proper in California and that the transfer from the District of Nevada to the Southern District of California was improper, because the California "judges['] impartiality might reasonably be questioned." *Id*. at 13. Plaintiff points to statements allegedly made by the undersigned during a status conference regarding the validity of Plaintiff's claims against the State Bar of California. *Id*. at 2. Plaintiff then explains that "[t]his statement indicated that Magistrate Judge Allison Goddard … had already made up her mind that any claim Plaintiff Pontier had brought in his complaint against [the State Bar of California] was meritless[.]" *Id*. at 2–3. Plaintiff also points to the fact that another defendant in this case, Joseph Dang, is also a member of the State Bar of California, and imputes a bias based on the shared membership. *Id*. at 2.

Second, Plaintiff points to statements allegedly made by the undersigned during a conference in the related interpleader case, and then infers that the undersigned was also biased in the interpleader case regarding his claims or affirmative defenses. *Id*. at 3. Plaintiff argues that the rulings made in the interpleader case regarding the statute of limitations were a violation of his due process rights. *Id*. at 4–5. Plaintiff also notes that the hearing on his motion to dismiss was rescheduled and thereafter terminated without ruling on the merits of his affirmative defenses, which was also a violation of his due process

---

[1] Plaintiff also notes that the previous district judge assigned to this matter, Judge Gonzalo P. Curiel, is a member of the State Bar of California and served on its Criminal Law Advisory Commission. ECF No. 104 at 12.

rights. *Id*. at 5–6. Plaintiff explains that "Magistrate Judge Allison Goddard was fully aware of several Motions, Counterclaims, Motion For Sanctions Plaintiff Pontier filed that were terminated with[out] ruling on merits, or rejected upon filing to avoid ruling" on the statute of limitations issue, and states that "Magistrate Judge Allison Goddard has been on the Interpleader case for 4 years and to date no ruling has been issued on Plaintiff Pontier['s] 3 main defenses[.]" *Id*. at 6–7. Plaintiff then reiterates the merits of his statute of limitations claim and his claim that the case lacks subject matter jurisdiction. *Id*. at 8, 10.

Third, Plaintiff noted that "[i]n [an] interview[,] Magistrate Judge Allison Goddard states she gives all pro se litigants opportunity to present their case … [but] Judge Allison Goddard has never afforded Plaintiff Pontier, [p]ro se[,] an opportunity to address his defenses" that the statute of limitations has expired, that there is no subject matter jurisdiction, and that venue is not proper in the Southern District of California. *Id*. at 9. Thus, Plaintiff argues that "Magistrate Judge Allison Goddard has not afforded Plaintiff Pontier[, proceeding] Pro Se[,] the opportunity under the fifth amendment of the United States Constitution to Due Process she affords to other Pro Se litigants[.]" *Id*.

## II.   LEGAL STANDARD

A judge "shall disqualify h[er]self in any proceeding in which h[er] impartiality might reasonably be questioned" or where "[s]he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a)–(b)(1); *see generally Liteky v. United States*, 510 U.S. 540 (1994) (discussing 28 U.S.C. § 144). Under the two recusal statutes, 28 U.S.C. § 144 and 28 U.S.C. § 455, the substantive question is "[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (quoting *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (per curiam)). A "reasonable person" is defined as a "well-informed, thoughtful observer," as opposed to a "hypersensitive or unduly suspicious person." *Clemens v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005) (internal quotations and citation omitted). "Rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar

nonfactual matters" are not enough to require recusal. *Id*. (citing *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1993)).

"A motion under section 455 [or 144] is addressed to, and must be decided by, the very judge whose impartiality is being questioned." *Spencer v. Jasso*, No. 20cv909-ADA-GSA-PC, 2023 WL 5021774, at *2 (E.D. Cal. Aug. 7, 2023) (citing *Bernard v. Coyne*, 31 F.3d 842, 843 (9th Cir. 1994)); *see United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) ("We have held repeatedly that the challenged judge himself should rule on the legal sufficiency of a recusal motion in the first instance"). "Absent a factual showing of a reasonable basis for questioning his or her impartiality, or allegations of facts establishing other disqualifying circumstances, a judge should participate in cases assigned. Conclusory statements are of no effect. Nor are [a litigant's] unsupported beliefs and assumptions. Frivolous and improperly based suggestions that a judge recuse should be firmly declined." *Raiser v. San Diego County*, No. 19cv751-GPC-KSC, 2021 U.S. Dist. LEXIS 6791, at *3 (S.D. Cal. Jan. 13, 2021) (quoting *Maier v. Orr*, 758 F.2d 1578, 1583 (Fed. Cir. 1985)). Section 455(a) is also "limited by the 'extrajudicial source' factor which generally requires as the basis for recusal something other than rulings, opinions formed or statements made by the judge during the course of trial." *United States v. Holland*, 519 F.3d 909, 913–14 (9th Cir. 2008); *see Ryan v. County of Imperial*, No. 21cv1076-JO-LR, 2022 WL 17744075, at *2 (S.D. Cal. Dec. 7, 2022).

## III.    DISCUSSION

Many of Plaintiff's arguments reflect a confusion about the distinctions between the duties of the assigned magistrate judge and district judge in Plaintiff's cases, and other arguments reflect a frustration with the process that the undersigned cannot address or fix. The Court will address these in turn.

### 1.   Distinction between Magistrate Judges and District Judges

A magistrate judge has the authority to "hear and determine" nondispositive matters. *See* 28 U.S.C. § 636(b)(1)(A); *see also S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1259 (9th Cir. 2013). A dispositive matter impacts the "ultimate relief sought," i.e., the

merits of the case. *See CMKM Diamonds*, 729 F.3d at 1260 ("where the denial of a motion [] is effectively a denial of the ultimate relief sought, such a motion is considered dispositive, and a magistrate judge lacks the authority to 'determine' the matter"). Section 636, and this district's corresponding Civil Local Rule 72.1, specifically enumerate eight different types of matters to be treated as dispositive, including motions to dismiss for failure to state a claim and motions for summary judgment. *See* 28 U.S.C. § 636(b)(1)(A); *see also* CivLR 72.1(b)–(c) (same). Other matters, such as those that fall outside of those expressly enumerated matters may also be considered dispositive. *United States v. Rivera-Guerrero*, 377 F.3d 1064, 1068 (9th Cir. 2004) ("we must look to the effect of the motion, in order to determine whether it is properly characterized as dispositive or non-dispositive") (internal quotation marks omitted). Thus, magistrate judges may have candid discussions with the parties because they do not make any decisions on the merits of the case.

In addition to determining only nondispositive matters, magistrate judges in this district also conduct settlement conferences. CivLR 16.3(a) ("In each civil action, a mandatory settlement conference must be scheduled before the assigned magistrate judge"). The settlement conferences are "off the record, privileged and confidential." CivLR 16.3(h). The local rules also state that "[t]he judge conducting the settlement conference will be disqualified from trying the case unless there is an agreement by all the parties to waive this restriction." CivLR 16.3(c). As such, because the magistrate judge does not determine dispositive matters and will not try the case, the magistrate judge is able to have confidential communications in the context of settlement regarding the value and merits of the parties' claims.

Here, in the instant motion, Plaintiff's argument that the undersigned's statements show bias is unpersuasive. Though the undersigned disputes Plaintiff's representation of her statements (*see* ECF No. 104 at 2, 3), the outcome would remain the same even if the undersigned had said those things. As discussed above, the division between district judges and magistrate judges exists so that such conflicts or bias do not arise—i.e., the magistrate

judge can give the parties her candid assessment of the case in confidence, in order to foster a settlement, because her assessment is not binding and is never relayed to the district judge.

### 2. Frustration with Previous Rulings

The Court notes that much of Plaintiff's motion asserted arguments relating to the merits of his claims and defenses. *See* ECF No. 104 at 4–5, 7–8, 10. As discussed above, the undersigned did not and cannot make any of the rulings Plaintiff disputes. *Compare* ECF No. 104 at 5–6 (denial of motions "without ruling on the merits of [] Pontier['s] defenses" violated his due process rights) *with* 19cv1519, ECF No. 99 (District Judge Curiel, denying Mr. Pontier's motion to dismiss as moot) *and* 19cv1519, ECF No. 156 (District Judge Curiel, denying Mr. Pontier's motion for summary judgment and granting in part Mr. Dang's motion for summary judgment). The Court is cognizant that Plaintiff is frustrated with the outcomes of his cases, but the instant motion is not the proper vehicle for relief. *See, e.g.*, FED. R. CIV. P. 59(e) (amending a judgment); FED. R. CIV. P. 60 (relief from judgment); CivLR 7.1(i) (motions for reconsideration). Further, even if the undersigned had issued those rulings, it still is not a valid reason for the undersigned to recuse. *See, e.g.*, *Studley*, 783 F.2d at 939 ("a judge's prior adverse ruling is not sufficient cause for recusal. [] Studley's first two allegations are not extrajudicial because they involve the judge's performance while presiding over her case. [] Thus, these grounds do not provide a basis for recusal") (internal citations omitted).

Plaintiff's contention that the undersigned is biased due to membership in the State Bar of California is likewise unpersuasive. *See Denardo v. Municipality of Anchorage*, 974 F.2d 1200, 1201 (9th Cir. 1992) ("The fact that a plaintiff sues a bar association does not require recusal of judges who are members of that bar association"); *Block v. Wash. State Bar Ass'n*, No. C15-2018-RSM, 2016 WL 11787683, at *3, *3 n.1 (W.D. Wash. Feb. 24, 2016) (collecting cases and explaining that "[t]here are a string of cases holding that just belonging to a bar association is not the kind of relationship which gives rise to a reasonable doubt about a judge's ability to preside impartially over a case in which the bar association

is a party. In fact, it is unreasonable to assume that a judge's membership in a state bar association in any way foretells the kind of 'deep-seated favoritism or antagonism' that requires recusal.") (internal citations omitted).

### 3. Difficulties Proceeding Pro Se

The Court does not doubt that Plaintiff, like most *pro se* litigants, finds it difficult to articulate his claims without the assistance of counsel. It is for this reason that in the absence of counsel, federal courts employ procedures that are highly protective of a *pro se* litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that the pleadings of a *pro se* litigant must be held to less stringent standards than formal pleadings drafted by lawyers). As such, courts construe the pleadings liberally and afford the *pro se* party any benefit of the doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

As such, the undersigned endeavors to assist *pro se* litigants in navigating litigation. Plaintiff notes that the undersigned employs a chart and spends extra time in conferences to mediate discovery disputes to assist *pro se* litigants. ECF No. 104 at 9. Though Plaintiff argues that the undersigned "has never afforded Plaintiff … an opportunity[,]" the Court notes that it did, in fact, employ those same procedures with Plaintiff. *Compare* ECF No. 104 at 9 ("In a case with pro se litigants, or a case where people are really at odds with each other, I will have the litigants send me a chart with the exact language of the request, the exact language of the response or objection, and then a third column. Then we'll pull the chart up on Zoom and we will take three or four hours. We'll just go through each disputed request and I will say, 'this is what I think is reasonable. That is what I think is not reasonable.' And we will put in that a third column with a compromise") *with* 19cv1519, ECF No. 124 ("Minute Entry for proceedings held before Magistrate Judge Allison H. Goddard: Telephonic Discovery Conference, re: various discovery disputes regarding interrogatories and requests for production propounded by Defendant Pontier, held on 9/24/2020. Plaintiff will email the Court his responses to the discovery requests in Word format. The Court will create a chart, email it to the parties, and Plaintiff will have

14 days to fill in his portion. The Court will thereafter engage in further discovery conferences") *and* 19cv1519, ECF No. 128 ("Minute entry for proceedings held before Magistrate Judge Allison H. Goddard: Discovery Conference, regarding many discovery requests, held on 10/14/2020.").

## IV. CONCLUSION

The Court finds that Plaintiff has failed to show any adequate basis for recusal. As such, and in light of the facts and evidence presented, no reasonable person would question this Court's impartiality. *See, e.g.*, *Denardo*, 974 F.2d at 1200–01 (affirming denial of motion for recusal because no evidence was presented that the judge "should have a special interest in the case" where he was a member of the bar association sued by a plaintiff); *Raiser*, 2021 U.S. Dist. LEXIS 6791, at *3 (denying motion for recusal because "the Court's prior rulings that plaintiff considers unfair or unfavorable to him are not a valid basis to disqualify a judge from a case."). "Because 'a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require, the undersigned Magistrate Judge declines to recuse in this matter." *Ewing v. Aliera Healthcare*, No. 19cv845-CAB-LL, 2019 U.S. Dist. LEXIS 128071, at *4–*5 (S.D. Cal. July 31, 2019) (quoting *Clemens*, 428 F.3d at 1179).

For the reasons set forth above, the Court **DENIES** Plaintiff's motion for recusal. ECF Nos. 104, 105.

**IT IS SO ORDERED.**

Dated:  April 5, 2024

Honorable Allison H. Goddard
United States Magistrate Judge