UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PONTIER,<br><br>         Plaintiff,<br><br>v.<br><br>GEICO INSURANCE, et al.,<br><br>         Defendants. | Case No.: 21cv199-LL-DDL<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT JOSEPH DANG**<br><br>[ECF No. 152] |

Before the Court is a Motion from Klinedinst, PC, ("Counsel") to withdraw as counsel of record for Defendant Joseph Dang ("Dang"). ECF No. 152 ("Motion"). No opposition has been filed. The Court finds this matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1(d)(1). Upon review of the Motion and the applicable law, the Court **GRANTS** the Motion for the reasons set forth below.

I.  PROCEDURAL HISTORY

Plaintiff David Pontier, proceeding pro se, filed a complaint in federal court in Nevada on August 5, 2020 against GEICO Insurance, Farmers Insurance, JP Morgan Chase Bank, N.A., Phia Group, LLC, the State Bar of California, the State of California, Joseph

1

Dang, Glenn C. Nusbaum, Kevin Yoo, and Paul E. Kim, M.D. Inc. alleging conversion, bad faith, fraud, and violations of the federal Fair Debt Collection Practices Act ("FDCPA"). ECF No. 1. On February 1, 2021, the Nevada court ordered this matter to be transferred to this district. ECF No. 24.

On April 22, 2021, this case was stayed. ECF No. 53. The stay was lifted on about November 29, 2023. ECF No. 56.

The operative complaint is the First Amended Complaint ("FAC") filed on May 3, 2024. ECF No. 110.

On May 28, 2024, Defendants Nusbaum, Yoo, and Kim were dismissed without prejudice from this matter. ECF No. 125.

There are several motions pending before the Court, including Dang's fully briefed Motion to Dismiss the FAC. ECF Nos. 116, 147, 149.

On August 5, 2024, the instant Motion to Withdraw as Counsel of Record for Defendant Joseph Dang was filed. ECF No. 152. No opposition was filed.

## II.   LEGAL STANDARD

"An attorney may not withdraw as counsel except by leave of court." *P.I.C. Int'l, Inc. v. Gooper Hermetic, Ltd.*, No. 3:19-CV-00734-BEN-LL, 2020 WL 2992194, at *1 (S.D. Cal. June 4, 2020) (citation omitted). "The trial court has discretion whether to grant or deny an attorney's motion to withdraw in a civil case." *Osgood v. Main Streat Mktg., LLC*, No. 16CV2415-GPC(BGS), 2017 WL 7362740, at *1 (S.D. Cal. Mar. 27, 2017). Under this district's Civil Local Rules, "corporations, partnerships and other legal entities, may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3." S.D. Cal. CivLR 83.3(j); *see also Laskowitz v. Shellenberger*, 107 F. Supp. 397, 398 (S.D. Cal. 1952) ("Since a corporation cannot practice law, and can only act through the agency of natural persons, it follows that it can appear in court on its own behalf only through a licensed attorney.").

/ / /

/ / /

"In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-CV-1301-IEG POR, 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010). For example, courts have previously held that "[f]ailure to pay attorney's fees can be a valid ground for withdrawal." *Id.* at *2. Moreover, there is no danger of prejudice, harm to the administration of justice, or undue delay where there are no immediately scheduled hearings, the case is still in early stages, and the relevant party has had sufficient notice of the intent to withdraw. *See Gurvey v. Legend Films, Inc.*, No. 09-CV-942-IEG (BGS), 2010 WL 2756944, at *1 (S.D. Cal. July 12, 2010).

A motion to withdraw must (1) be served on the adverse party and moving attorney's client and (2) include a declaration regarding service of the motion on those parties. S.D. Cal. CivLR 83.3(f)(3). "Failure to make [service] as required . . . or to file the required declaration of service will result in a denial of the motion." S.D. Cal. CivLR 83.3(f)(3)(b).

## III. DISCUSSION

As a preliminary matter, the Court notes that Counsel has met the requirements of Civil Local Rule 83.3(f) by providing proof of its service of the Motion on Dang and adverse parties. ECF No. 152-4. The Court turns next to the merits of the Motion.

Counsel claims withdrawal as counsel is appropriate because they have been unable to communicate with Dang since early 2024, which makes it unreasonably difficult for Counsel to represent Dang effectively." ECF No. 152-1 at 3. Counsel claims they contacted Dang via email "regarding the firm's need to contact [their] office regarding continued representation and advised that the firm would be forced to move to withdraw without such contact on January 31, February 5, May 19, July 8, July 19, and August 4, 2024." ECF No. 152-2, Declaration of Andrew A. Servais, ¶ 2. Counsel also left messages on his office phone number twice in May 2024, and then again on July 12, July 17, and July 18, 2024. *Id.* Dang has not responded to Counsel. *Id.*

The Court finds Counsel's claims are valid reasons for withdrawal. Dang's cessation of communication with Counsel since early 2024 despite warnings of withdrawal have made it unreasonably difficult for Counsel to carry out the representation effectively. *See Osgood*, 2017 WL 7362740, at *1 (granting counsel's motion to withdraw due to defendants failing to pay legal fees and refusing to communicate with counsel). Because there are no immediately scheduled hearings and Dang has had sufficient notice of the intent to withdraw, there is no danger of prejudice to other litigants, harm to the administration of justice, or undue delay. *See Gurvey*, 2010 WL 2756944, at *1. Accordingly, the Court finds it is appropriate for Counsel to withdraw as counsel for Dang because the relevant considerations weigh in their favor.

## IV.   CONCLUSION

For the above reasons, the Court **GRANTS** Counsel's Motion to Withdraw as Counsel of Record for Defendant Joseph Dang as follows:

1. On or before **October 8, 2024**, Counsel shall (1) serve a copy of this Order on Dang and file proof of service with the Court and (2) inform Dang of the contents of this Order by phone and email and submit a declaration of having done so.

2. Dang may proceed pro se (without counsel) and must inform the Court and opposing parties of his current address on or before **October 8, 2024** pursuant to Civil Local Rule 83.11(b).

**IT IS SO ORDERED**.

Dated:  October 1, 2024

_____
Honorable Linda Lopez
United States District Judge