UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PONTIER,<br><br>                        Plaintiff,<br><br>v.<br><br>GEICO INSURANCE, et al.,<br><br>                        Defendants. | Case No.: 21cv199-LL-DDL<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO VACATE ORDER GRANTING STATE BAR OF CALIFORNIA'S MOTION TO SET ASIDE DEFAULT AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>[ECF No. 118] |

Before the Court is Plaintiff's Motion to Vacate Order Granting State Bar of California's Motion to Set Aside Default and Denying Plaintiff's Motion for Default Judgment ("Motion"). ECF No. 118 ("Mot."). The State Bar of California ("State Bar") specially appeared to file an Opposition. ECF No. 129. The Court construes Plaintiff's Motion as a motion for reconsideration of the Court's March 28, 2024 Order granting the State Bar's motion to set aside default and denying Plaintiff's motion for default judgment ("March Order") because he is asking the Court to revisit the motions underlying that order and make a different finding. The Court deems the Motion suitable for determination on

1

the papers submitted and without oral argument. *See* S.D. Cal. CivLR 7.1(d)(1). For the reasons discussed below, the Motion is **DENIED**.

I.  **BACKGROUND**

Plaintiff David Pontier, proceeding pro se, filed a complaint in federal court in Nevada on August 5, 2020 against GEICO General Insurance Company, Farmers Insurance, JPMorgan Chase Bank, N.A., Phia Group, LLC, the State Bar of California, the State of California, Joseph Dang, Glenn C. Nusbaum, Kevin Yoo, and Paul E. Kim, M.D. Inc. alleging conversion, bad faith, fraud, and violations of the federal Fair Debt Collection Practices Act ("FDCPA"). ECF No. 1. On October 28, 2020, Plaintiff requested additional time to serve Defendants until January 11, 2021, which was granted by the Nevada court. ECF Nos. 4, 5. On February 1, 2021, the Nevada court ordered this matter to be transferred to this district pursuant to the first-to-file rule. ECF No. 24.

On March 16, 2021, the Court granted Plaintiff leave to file an amended complaint by April 1, 2021. ECF No. 39. On April 5, 2021, Plaintiff filed a motion for an extension of time to file an amended complaint. ECF No. 49. He attached his "incomplete First Amended Complaint" to the motion for extension of time to demonstrate he was "in good faith working day and night to complete Amended Counterclaim but due to Coronavirus closings and physical disabilities unable to fully complete Amended Counterclaim prior to April 1, 2021." *Id.* at 3; ECF No. 49-1 at 3–165.

On April 22, 2021, this case was stayed. ECF No. 53. On September 2, 2021, the Court denied Plaintiff's motion for an extension of time to file an amended complaint subject to re-filing after the stay was lifted. ECF No. 54. The stay was lifted on about November 29, 2023. ECF No. 56.

On January 8, 2024, Plaintiff requested the Clerk of Court enter default against the State Bar for failure to file an answer after returning a waiver of service of the summons on April 16, 2021. ECF No. 74. Also on January 8, 2024, Plaintiff filed a Motion for Default Judgment against the State Bar. ECF No. 63. On February 9, 2024, the Clerk of Court entered default of the State Bar. ECF No. 76.

On February 23, 2024, the Court granted Plaintiff's February 17, 2024 motion for an extension of time to file a motion to amend the complaint. ECF No. 87. In the order, the Court directed Plaintiff to attach a copy of the proposed amended pleading to his motion and to caption it as Proposed First Amended Complaint, noting that the operative complaint at that time was the original complaint. *Id.* at 2 & n.1.

Also on February 23, 2024, the State Bar filed its motion to set aside default. ECF No. 86. On March 28, 2024, the Court granted the State Bar's motion to set aside default, finding it was not given a copy of the operative complaint with the request for waiver of service of a summons, the attempted service was therefore defective, and the State Bar had not been properly served.[1] ECF No. 100 at 4–5. In the same order, the Court denied as moot Plaintiff's Motion for Default Judgment. *Id.* at 5.

On April 18, 2024, the Court granted Plaintiff's motion for an extension of time to file his First Amended Complaint ("FAC") and ordered Plaintiff to serve all Defendants with the FAC by May 24, 2024. ECF No. 109. On May 3, 2024, Plaintiff filed the FAC. ECF No. 110.

On May 19, 2024, Plaintiff filed the instant Motion. ECF No. 118.

## II.   LEGAL STANDARD

The Civil Local Rules state the following:

> Whenever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part, or has been granted conditionally or on terms, and a subsequent motion or application or petition is made for the same relief in whole or in part upon the same or any alleged different state of facts, it will be the continuing duty of each party and attorney seeking such relief to present to the judge to whom any subsequent application is made an affidavit of a party or witness or certified statement of an attorney setting forth the material facts and circumstances surrounding each prior application, including inter alia: (1)

---

[1] Federal Rule of Civil Procedure 4(d)(1)(C) requires that when requesting a waiver of service of a summons, the notice and request must, *inter alia*, "be accompanied by a copy of the complaint."

> when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application.

CivLR 7.1(i)(1). Additionally, "[e]xcept as may be allowed under Rules 59 and 60 of the Federal Rules of Civil Procedure, any motion or application for reconsideration must be filed within twenty-eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered." CivLR 7.1(i).

"The Federal Rules of Civil Procedure do not recognize a motion for reconsideration, and therefore '[a] motion so designated will be construed according to the type of relief sought.'" *Alden v. AECOM Tech. Corp.*, No. 18-CV-03258-SVK, 2021 WL 2258505, at *1 (N.D. Cal. June 3, 2021) (quoting Jones, et al., Rutter Group Prac. Guide: Fed. Civ. Trials & Ev. Ch. 20-C, § 20.273 (2020)), *aff'd*, No. 21-16002, 2023 WL 2552619 (9th Cir. Mar. 17, 2023). A motion for reconsideration is thus construed in one of two ways: "(1) if the motion is filed within 28 days after the district court's entry of judgment, it is treated as a motion to alter or amend the judgment under Rule 59(e); and (2) if the motion is filed more than 28 days after entry of judgment, it is considered a motion seeking relief from the judgment under Rule 60(b)."[2] *Id.*

## III.  DISCUSSION

First, Plaintiff's Motion is moot. The Court finds the underlying March Order concerned Plaintiff's defective request of a waiver of service of a summons for the original complaint to the State Bar. *See* ECF No. 100 at 4. Since then, Plaintiff filed an FAC, which supersedes the original complaint and required Plaintiff to serve the FAC on the State Bar. *See* ECF Nos. 109, 110; *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) ("As a general rule, when a plaintiff files an amended complaint, "[t]he amended complaint super[s]edes the original, the latter being treated thereafter as non-existent." (citation

---

[2] "Rule" refers to the Federal Rules of Civil Procedure unless stated otherwise.

omitted)). Therefore, the instant Motion for the reconsideration of the order setting aside default is moot, and the Court may deny Plaintiff's Motion on that ground alone.

Second, Plaintiff's Motion is untimely. Plaintiff filed the instant Motion fifty-three days after the March Order. As such, Plaintiff's Motion for reconsideration is untimely and may also be denied on that ground alone. *See* CivLR 7.1(i).

Moreover, the Court finds all of Plaintiff's arguments lack merit. Plaintiff faults the Court for not issuing an order pursuant to Rule 7 to allow Plaintiff to file a reply to the State Bar's "late-filed Answer (DKT 86)" to Plaintiff's motion for default judgment. Mot. at 2. Plaintiff misunderstands the rules and his responsibility. Rule 7 describes what pleadings are allowed and includes in the list, "if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a)(7). A reply is plainly discretionary.

Plaintiff waived his opportunity to respond to the State Bar's motion to set aside default. Rule 7 is not relevant to this situation because the State Bar did not file an "answer" to Plaintiff's motion for default judgment. *See* ECF No. 86. The State Bar filed its own motion to set aside the clerk's entry of default. *Id.* In the motion to set aside default, the State Bar correctly noticed the hearing date as March 29, 2024. *Id.* at 1. Pursuant to the undersigned's Chambers Rules, "[o]pposition and reply briefs are due based on the noticed hearing date" and "the hearing date does not indicate a date for when appearances are necessary; rather, it sets the briefing schedule for the motion pursuant to the applicable local rules including Civil Local Rule 7.1(e)." Judge Linda Lopez Civil Chambers Rules, Section 3.B, https://www.casd.uscourts.gov/judges/chambers-rules.aspx. The Civil Local Rules state that a party opposing a motion must file and serve the opposition not later than fourteen calendar days prior to the noticed hearing. CivLR 7.1(e). Plaintiff was therefore required to file any opposition by March 15, 2024, but he failed to do so.

Plaintiff's Motion—filed more than twenty-eight days after the March Order—is not a final judgment, but if the Court considers Rule 60(b), it still fails. According to Rule 60(b), a court may relieve a party from a final judgment, order, or proceeding for the following reasons:

     (1) mistake, inadvertence, surprise, or excusable neglect;
     (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
     (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
     (4) the judgment is void;
     (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
     (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Court does not find that any of the valid reasons for reconsidering an order under Rule 60(b) are appropriate here because Pontier's Motion does not contain new evidence that could not have been made at the time an opposition to the State Bar's motion to set aside was due. The other reasons are not applicable.

     Accordingly, the Court **DENIES** Pontier's Motion.

     **IT IS SO ORDERED.**

Dated:  March 27, 2025

                                                   Honorable Linda Lopez
                                                   United States District Judge