# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PONTIER,<br><br>                 Plaintiff,<br>v.<br>GEICO INSURANCE, et al.,<br><br>                 Defendants. | Case No.: 21cv199-LL-DDL<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL**<br><br>[ECF No. 124] |

Before the Court is a Motion for Recusal ("Motion") filed by Plaintiff David Pontier ("Plaintiff"), proceeding pro se. ECF No. 124. The Court finds this matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1(d)(1). Upon review of the Motion and the applicable law, the Court **DENIES** the Motion for the reasons set forth below.

Plaintiff argues the undersigned should recuse herself from this case, as well as the related interpleader case of *Dang v. Pontier*, No. 19cv1519-LL-DDL (S.D. Cal.), because Plaintiff asserts causes of action against the State Bar of California. ECF No. 124 at 6, 10. Plaintiff contends that the undersigned's status as a member of the State Bar of California creates judicial bias and conflict of interest. *Id.* ¶¶ 13, 15.

///

Recusal is appropriate where the judge "has a personal bias or prejudice concerning a party." 28 U.S.C. §§ 144, 455. The Ninth Circuit has stated:

> The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: "[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley,* 783 F.2d 934, 939 (9th Cir.1986) (quotation omitted). Ordinarily, the alleged bias must stem from an "extrajudicial source." *Liteky v. United States,* 510 U.S. 540, 554-56, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994). "[J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion." *Id.* "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

*United States v. Hernandez*, 109 F.3d 1450, 1453–54 (9th Cir. 1997).

The Court finds Plaintiff has failed to demonstrate that "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Id.* at 1453 (citation omitted). The undersigned's bar membership alone does not warrant recusal. *See Denardo v. Municipality of Anchorage*, 974 F.2d 1200, 1201 (9th Cir. 1992) (citation omitted) ("The fact that a plaintiff sues a bar association does not require recusal of judges who are members of that bar association."); *Block v. Washington State Bar Ass'n*, No. C15-2018 RSM, 2016 WL 11787683, at *2 & n.1 (W.D. Wash. Feb. 24, 2016) ("There are a string of cases holding that just belonging to a bar association is not the kind of relationship which gives rise to a reasonable doubt about a judge's ability to preside impartially over a case in which the bar association is a party.").

Plaintiff contends that the undersigned's ruling in the State Bar of California's favor on its motion to set aside default "was based upon judicial bias" and without considering evidence submitted by Plaintiff. ECF No. 124 ¶ 20. The Court does not agree. The Court's order granting the State Bar of California's motion to set aside default was founded on an application of facts to law. *See* ECF No. 100. Plaintiff's disagreement with the Court's ruling is not an extrajudicial source. *See Studley*, 783 F.2d at 939 ("The alleged prejudice

1 | must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient
2 | cause for recusal."). Nor does it show "a deep-seated favoritism or antagonism that would
3 | make fair judgment impossible." *See Hernandez*, 109 F.3d at 1454 (citation omitted);
4 | *Taylor v. Regents of Univ. of California*, 993 F.2d 710, 712 (9th Cir. 1993) (affirming
5 | denial to recuse based on prior adverse ruling); *Block*, 2016 WL 11787683, at *2 (declining
6 | to recuse based on bar association membership).

Accordingly, the Court **DENIES** Plaintiff's Motion for Recusal.

**IT IS SO ORDERED.**

Dated: March 27, 2025

Honorable Linda Lopez
United States District Judge

3

21cv199-LL-DDL