UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PONTIER,<br><br>         Plaintiff,<br><br>v.<br><br>GEICO INSURANCE, et al.,<br><br>         Defendants. | Case No.: 21cv199-LL-DDL<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO AMEND**<br><br>[ECF No. 138] |

Before the Court is a motion to amend the First Amended Complaint filed by Plaintiff David Pontier, proceeding pro se ("Motion"). ECF No. 138. Specifically, Plaintiff seeks leave to substitute Vuong Vo ("Vo"), a bank manager for Defendant JPMorgan Chase Bank, N.A. ("Chase"), as a defendant in place of a Doe Defendant. *Id.* at 1–2.

On August 5, 2020, Plaintiff initiated this action with his original complaint. ECF No. 1. On May 3, 2024, Plaintiff filed a First Amended Complaint ("FAC"). ECF No. 110. On May 16, 2024 and May 17, 2024, Defendants Chase, GEICO General Insurance Company, and Joseph Dang filed motions to dismiss the FAC. ECF Nos. 113, 115, 116. On June 23, 2024, Plaintiff filed the instant Motion.

On March 26, 2025, the Court issued an order granting the three motions to dismiss without leave to amend. ECF No. 154.

|   |   |
|---|---|
| 1 | Plaintiff contends that Chase delayed discovery of the identity of Doe defendants—unknown Chase bank employees—by claiming confidential information, and that this prevented him from including Vo as a defendant when he filed his original complaint in August 2020. ECF No. 138 at 3, 14. Plaintiff claims he identified Vo as the bank manager in charge of check deposits at the Mira Mesa branch using alternate means of research and now requests to amend the complaint to add Vo as a defendant. *Id.* at 14–15. Plaintiff seeks to assert the same causes of action—conversion, fraud, and civil RICO—against Vo as it asserted against Chase in the FAC. *Id.* at 38; ECF No. 138-1 at 69, 70, 202–02. |

Generally, leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a). In deciding a motion to amend, courts consider the following factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint." *Sisseton-Wahpeton Sioux Tribe of Lake Traverse Indian Rsrv., N. Dakota & S. Dakota v. United States*, 90 F.3d 351, 355 (9th Cir. 1996).

The Court finds futility and previous amendment to be dispositive in this case. The Court finds Plaintiff's implication that he recently discovered the bank manager's identity and was therefore unable to add him to the complaint earlier to be disingenuous. Plaintiff does not state when he learned of Vo's identity and alleged role. Plaintiff also omits entirely from the Motion that the operative complaint is not the original complaint, but the FAC filed almost two months prior to his Motion. In fact, Vo is identified as the bank manager in charge of deposits at the Mira Mesa branch of Chase bank in the FAC. ECF No. 110 at 52, 226. The allegations concerning Vo in the FAC form the basis of what Plaintiff seeks to add by amending the complaint; he demonstrates no new knowledge regarding Vo. Because Plaintiff previously amended his complaint and even included Vo in the FAC, this factor heavily weighs against granting further amendment. Furthermore, the Court has dismissed without leave to amend the causes of action against Chase. ECF No. 154.

///
///

Because these are the same causes of action Plaintiff seeks to assert against Vo, the Court finds amendment would be futile. This factor too weighs against granting amendment. Accordingly, the Court **DENIES** Plaintiff's Motion.

**IT IS SO ORDERED.**

Dated: March 27, 2025

Honorable Linda Lopez
United States District Judge