UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PONTIER,<br><br>                    Plaintiff,<br><br>v.<br><br>GEICO INSURANCE, et al.,<br><br>                    Defendants. | Case No.: 21cv199-LL-DDL<br><br>**ORDER TO SHOW CAUSE** |

      On March 14, 2024, the Court issued an amended order to show cause to Plaintiff why this matter should not be dismissed without prejudice as to Defendants Farmers Insurance, PHIA Group, LLC, and the State of California for failure to effect service pursuant to Federal Rule of Civil Procedure 4(m). ECF No. 94. On March 25, 2024, Plaintiff claimed he had served all Defendants, but did not provide proof of service, and requested an "accurate summons" to be issued reflecting the transfer of this case from Nevada to this district. ECF No. 98.

      On March 28, 2024, the Court issued an order granting the State Bar of California's motion to set aside default, finding that service to the State Bar was defective because it was not served with a copy of the operative complaint. ECF No. 100 at 4–5.

      Also on March 28, 2024, the Court issued an order granting Plaintiff's motion to amend his complaint and expressly ordered Plaintiff to serve all Defendants with the First

1

1  Amended Complaint by May 9, 2024. ECF No. 102 at 3. The Court also directed the Clerk
2  of Court to issue a summons as to Plaintiff's First Amended Complaint ("FAC") upon its
3  filing to be used for the following Defendants: Farmers Insurance, PHIA Group, LLC, the
4  State Bar of California, the State of California, and Joseph Dang. *Id.* Plaintiff filed the FAC
5  on May 3, 2024, and summons was issued on May 6, 2024. ECF Nos. 110, 111.

6  Upon review of the docket, there is no indication that Defendants Farmers Inc.,
7  PHIA Group, LLC, the State Bar of California, and the State of California have been served
8  with the First Amended Complaint, nor previously with any operative complaint. *See* ECF
9  Nos. 94, 98, 102.

10  Federal Rule of Civil Procedure 4 states the following:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

15  Fed. R. Civ. P. 4(m).

16  Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** why this matter should
17  not be dismissed without prejudice as to Defendants Farmers Insurance, PHIA Group,
18  LLC, the State Bar of California, and the State of California for failure to effect service
19  pursuant to Federal Rule of Civil Procedure 4(m). On or before
20  **September 24, 2025**, Plaintiff shall file his response, not to exceed ten pages, along with
21  proof of service of the summons and FAC upon each of the above-named Defendants.
22  Failure to timely respond to this Order will result in a dismissal without prejudice as to
23  Defendants Farmers Insurance, PHIA Group, LLC, the State Bar of California, and the
24  State of California. If Plaintiff files a notice of voluntary dismissal pursuant to Federal Rule
25  / / /
26  / / /
27  / / /
28  / / /

of Civil Procedure 41(a)(1)(A) as to Defendants Farmers Inc., PHIA Group, LLC, the State of California, and the State of California on or before **September 23, 2025**, he is not required to file a response to this Order.

     **IT IS SO ORDERED**.

Dated:  September 9, 2025

Honorable Linda Lopez
United States District Judge