1

**David Pontier, Pro Se**
**Plaintiff**
**7118 Pinelake Rd.**
**Las Vegas, Nevada 89145**
**(702)-861-8845**
**ru4funlv@gmail.com**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **David Pontier,Pro se. an individual.** **Plaintiff,** | **Case No:  3:21-cv-00199-LL-DDL** **Formerly Case No: 2:20-cv-01446-RFB-BNW** |
| **v.** | **District Judge Hon. Linda Lopez Hon.** **Magistrate Judge David D. Leshner** |
| **GEICO Insurance, Maryland Corporation:** **Farmers Inc., California Corporation** **JP Morgan Chase Bank, N.A. a Delaware** **Corporation** **Joseph Dang, an individual;** **The State Bar of California: California** **Corporation** **State of California :California Corporation** **Does 1-10,Individual** **Defendants.** | **MOTION TO VACATE ORDER OF TRANSFER** **DUE TO JUDICIAL MISCONDUCT** **Complaint Filed: August 5, 2020** **REQUEST  ORAL ARGUMENT** **Hearing Date: October 28, 2025** |

2
3

**MOTION TO VACATE ORDER OF TRANSFER**
**DUE TO JUDICIAL MISCONDUCT**

4

    **Comes now** Plaintiff David Pontier, appearing *pro se*, and respectfully moves this Court under Federal

5 Rule of Civil Procedure 60(b) to vacate the Order of Enjoinment entered by District Judge Gonzalo P. Curiel

6 and the resulting Order of Transfer (Dkt. 24). The Order was procured through misrepresentation of the record,

7 suppression of dispositive defenses, reliance on time-barred claims, and judicial bias in violation of 28 U.S.C.

8 § 455 and the Due Process Clause. Because venue was proper in the District of Nevada under 28 U.S.C. §§

9 1391(b)(2) and 1397, and because the Southern District of California lacked statutory jurisdiction under 28

10 U.S.C. § 1335, the enjoinment order is void and must be vacated.

11 Legal Standard

1   Relief from judgment may be granted under Rule 60(b)(1), (3), (4), and (6) where the order was obtained by

2   mistake, fraud, misconduct, is void for lack of jurisdiction, or where extraordinary circumstances justify relief.

3   *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863–64 (1988).

| TABLE OF CONTENTS | Page |
|---|---|
| Table of Authorities | 2 |
| Table of Arguments | 3 |
| Table of Exhibits | 4 |
| Conclusion | 23 |

4

5   **TABLE OF AUTHORITIES**

6   **Cases**

7   • *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622 (9th Cir. 1991)
8   • *Bounds v. Smith*, 430 U.S. 817 (1977)
9   • *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009)
10  • *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261 (9th Cir. 1992)
11  • *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093 (N.D. Cal. 2006)
12  • *Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237 (9th Cir. 2015)
13  • *Libby, McNeill & Libby v. City Nat'l Bank*, 592 F.2d 504 (9th Cir. 1978)
14  • *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988)
15  • *Liteky v. United States*, 510 U.S. 540 (1994)
16  • *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982)
17  • *Mathews v. Eldridge*, 424 U.S. 319 (1976)
18  • *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93 (9th Cir. 1982)
19  • *Tumey v. Ohio*, 273 U.S. 510 (1927)
20  • *Walker v. Armco Steel Corp.*, 446 U.S. 740 (1980)
21  • *Woods v. Young*, 53 Cal. 3d 315 (1991)
22  • *Z-Line Designs, Inc. v. Bell'O Int'l LLC*, 218 F.R.D. 663 (N.D. Cal. 2003)

23  **Statutes & Rules**

24  • 28 U.S.C. §§ 1335, 1391(b)(2), 1397, 1404(a), 455
25  • Cal. Civ. Proc. Code §§ 337, 339
26  • Cal. Rules of Professional Conduct, Rule 1.9(a)
27  • Fed. R. Civ. P. 60(b)

28

**TABLE OF ARGUMENTS**

2

MOTION TO VACATE ORDER OF TRANSFER                                    Case No: 3:21-cv-00199-LL-DDL

| | |
|---|---|
| **I. Misrepresentation and Suppression of Material Facts** Judge Curiel misrepresented *Dang v. Pontier III* as the first-filed action, ignoring multiple earlier dismissed complaints and suppressing dispositive filings (Dkts. 49, 80, 109, 130, 142, 144, 145). This conduct misapplied the First-to-File Rule, which is discretionary and subject to equitable exceptions for bad faith, forum shopping, and anticipatory suits. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991); *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). | 11 |
| **II. Reliance on Time-Barred** ClaimsThe interpleader relied on medical bills from 2012–2013, barred under California Code of Civil Procedure §§ 337, 339. Federal courts lack jurisdiction over procedurally time-barred claims. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992); *Walker v. Armco Steel Corp.*, 446 U.S. 740, 752–53 (1980). Suppressing Pontier's opposition (Dkt. 144) further violated due process. | 16 |
| **III. Misrepresentation of Defaulted Parties as Active Defendants To justify enjoinment,** Judge Curiel mischaracterized Dr. Kim, Dr. Yoo, and Glenn Nusbaum—defaulted or non-participating parties—as "active" defendants in both cases. This ignored Pontier's pending Motion to Dismiss (Dkt. 18) and contradicted the record (Dkt. 98). Treating absent parties as active litigants was clear error. | 17 |
| **IV. Judicial Bias and Conflict of Interest** Judge Curiel, a former member of the State Bar of California, presided despite the State Bar being a named defendant with potential liability under the Client Security Fund. This pecuniary interest required recusal under 28 U.S.C. § 455(a), (b)(4). See *Tumey v. Ohio*, 273 U.S. 510, 523 (1927); *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988) | 18 |
| **V. Denial of Due Process** By striking venue motions (Dkts. 130 & 142) and suppressing other dispositive filings, Judge Curiel deprived Pontier of a meaningful opportunity to be heard. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). The right to be heard cannot be arbitrarily denied. *Johnson v. Zerbst*, 304 U.S. 458, 462 (1938). | 18 |
| **VI. Misrepresentation of Substantial Similarity Under the First-to-File Rule** The Nevada action alleged insurance bad faith against GEICO, conversion against JP Morgan Chase, malpractice against Dang, and claims against the State Bar—none of which appeared in *Dang v. Pontier III*. The Ninth Circuit requires "substantially identical" parties and issues. *Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). Judge Curiel's finding of similarity was erroneous. | 19 |
| **VII. Improper Cross-District Transfer** The transfer of *Pontier v. GEICO Insurance* removed the case from Judge Boulware, who had expertise in Nevada law, and reassigned it to Judge Lopez, who had no prior involvement. The reassignment created the appearance of bias under § 455. See *Liljeberg*, 486 U.S. at 860–61. | 20 |
| **VIII. Venue Was Proper in Nevada, Not California** All material events occurred in Nevada, and Pontier—the only claimant—resided in Nevada. Venue was proper in the District of Nevada under §§ 1391(b)(2) and 1397. *Libby, McNeill & Libby v. City Nat'l Bank*, 592 F.2d 504, 507 (9th Cir. 1978). A case filed in an improper venue cannot justify transfer. *Atl. Marine Constr. Co. v. U.S. Dist. Court*, 571 U.S. 49, 55 (2013); *In re Bozic*, 888 F.3d 1048, 1054 (9th Cir. 2018) | 22 |
| **Argument IX Procedural Manipulation Foreclosed Appellate Review** by refusing to rule on dispositive defenses, suppressing motions, and mischaracterizing defaulted parties as active defendants, the Court manufactured an incomplete record that foreclosed appellate jurisdiction under 28 U.S.C. § 1291. See *Silberkleit v. Kantrowitz*, 713 F.2d 433, 434 (9th Cir. 1983). | 22 |

MOTION TO VACATE ORDER OF TRANSFER                    Case No:  3:21-cv-00199-LL-DDL

**Table of Exhibits**

| Exhibit | Description | Record Citation / Reference |
|---|---|---|
| A | Judge Curiel's Proposed ENE Order identifying Dr. Kim, Dr. Yoo, and Glenn Nusbaum as parties to be dismissed for failure to appear. | Dkt. 48; Dkt. 98 |
| B | GEICO correspondence denying arbitration and claiming settlement was resolved by unauthorized $50,000 payment to Dang. | Motion at 12; see also Dkt. 144, Ex. A |
| C | Certified mail returned "moved without forwarding address" sent to Joseph Dang in September 2017. | Motion at 15 |
| D | Billing records produced by Dr. Kim, Dr. Yoo, and Glenn Nusbaum, submitted by Defendant Pontier. | Dkt. 144, Exs. A–D |
| E | Plaintiff Dang's August 9, 2018 Complaint (*Dang v. Pontier I*, Case No. 18-cv-1869-LAB-BGS) submitted to State Bar investigators. | Dkt. 1 (S.D. Cal.) |
| F | Defendant Pontier's Motion for Change of Venue (filed Oct. 29, 2020). | Dkt. 130 |
| G | Defendant Pontier's Resubmitted Motion for Change of Venue (filed Nov. 29, 2020). | Dkt. 142 |
| H | Defendant Pontier's Opposition to Motion for Enjoinment. | Dkt. 144 |
| I | Order of Default against Dr. Kim, Dr. Yoo, and Glenn Nusbaum. | Dkt. 98 |
| J | Judge Curiel's Order of Enjoinment. | Dkt. 154 |
| K | Relevant statutory provisions: 28 U.S.C. §§ 1335, 1397, Cal. Civ. Proc. Code §§ 337, 339; Cal. Com. Code § 3110(d). | Statutes |

## STATEMENT OF FACTS

### A. Suppression of Venue Motions and Judicial Bias

On October 29, 2020, Defendant Pontier filed a Motion for Change of Venue (Dkt. 130), seeking transfer of *Dang v. Pontier III* to the United States District Court for the District of Nevada pursuant to 28 U.S.C. §§ 1335(1), 1397. Venue for statutory interpleader lies where "any claimant resides." Defendant Pontier, the only

4

party to attend the mandatory Early Neutral Evaluation ("ENE") hearing and assert a claim, was the sole qualifying claimant under 28 U.S.C. § 1335(1) Because Claimant Pontier resided in Nevada, that district was the only proper venue. Judge Curiel ordered Defendant's motion removed from the record (Dkt. 130).

October 29, 2020 Later that same day, Plaintiff Dang filed a Motion to Enjoin (Dkt. 133), requesting the opposite relief—transfer of *Pontier v. GEICO Insurance* from Nevada to California. Despite the nearly identical venue issues presented, Judge Curiel ordered Defendant's venue motion removed, while allowing Plaintiff's motion to proceed.

A month later, on November 29, 2020, As the deadline to respond to Plaintiff's Motion for Enjoinment approached, Defendant Pontier resubmitted his venue motion as a responsive pleading (Dkt 142). Judge Curiel again ordered the motion removed from the record (Dkt. 142). Plaintiff's motion was then considered in a record stripped of Defendant's filings and opposition. Because both motions raised substantially identical venue questions, they should have been heard together. Instead, the Court permitted Plaintiff's motion—filed within hours of striking Defendant's—to proceed unimpeded

This disparate treatment is particularly significant because Defendant appeared *pro se*, while Plaintiff Dang was a licensed attorney and member of the California State Bar. The suppression of Defendant's filings, coupled with the advancement of Plaintiff's nearly identical requests, demonstrates favoritism. Judicial bias exists where conduct reflects "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994)

The record reflects a consistent pattern: Defendant's filings were struck, disregarded, or removed, while Plaintiff's similar filings were permitted to proceed and, in many instances, granted within days. This unequal

administration of justice deprived Defendant of the opportunity to be heard on the venue issue and suppressed a dispositive defense to enjoinment

Because 28 U.S.C. §§ 1335 and 1397 mandate venue in Nevada, and because the enjoinment order was issued without fair consideration of Defendant's venue motions and opposition challenging jurisdiction, the enjoinment order must be vacated.

## B. Improper Venue in Statutory Interpleader

The District of Nevada was the proper venue for both *Dang v. Pontier III* and *Pontier v. GEICO Insurance*. Judge Curiel nevertheless essentially ruled that because *Dang v. Pontier III* was improperly venued in California, *Pontier v. GEICO Insurance*—properly venued in Nevada—should be transferred into the same improper forum in California. This reasoning is illogical. Two wrongs do not make a right: an action filed in an improper venue cannot justify transferring a properly venued case into that same improper district

Plaintiff Joseph Dang filed *Dang v. Pontier III* in the United States District Court for the Southern District of California, even though Defendant Pontier the sole claimant resided in Las Vegas, Nevada, and no other claimants existed nor resided in California. This filing violated 28 U.S.C. § 1397, which provides that a statutory interpleader action "may be brought in the judicial district in which one or more of the claimants reside." Venue in California was therefore improper from the outset.

## C. Prejudice From Improper Venue

Because the case proceeded in California rather than Nevada, Defendant Pontier suffered significant prejudice. Plaintiff Dang's membership in the State Bar of California created systemic barriers to legal representation.

MOTION TO VACATE ORDER OF TRANSFER                                                    Case No:  3:21-cv-00199-LL-DDL

Over 100 California attorneys declined representation due to professional conflicts, and malpractice attorneys refused due to Plaintiff Dang's lack of malpractice insurance and history of asset evasion

Further compounding the prejudice, Plaintiff Dang's tactical decision to file *Dang v. Pontier III* in a district with no proper venue ensured that Defendant Pontier would not be able to retain counsel. As a disabled individual due to the automobile accident at the center of these proceedings, Defendant was forced to represent himself pro se and suffered bias at every stage from merely for defending himself and seeking return of property wrongfully taken by a member of The State Bar of California.

The Supreme Court has recognized the fundamental right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Gideon v. Wainwright*, 372 U.S. 335, 344 (1963). Had venue remained in Nevada, Defendant could have retained Nevada-licensed counsel unencumbered by conflicts of interest.

**D. Dang v. Pontier III a jurisdiction less interpleader**

Simply being listed as a defendant in an interpleader complaint does not automatically qualify a party as a "claimant" under 28 U.S.C. § 1335(1), nor does it establish venue under § 1397. Pursuant to S.D. Cal. Civ. L.R. 16.1, all parties must appear and assert a claim, in this case because the District mandates Early Neutral Evaluation ("ENE") hearing Rule 16.1 , a party must attend to proceed as a defendant or plaintiff, defendants must assert a claim to the interpleader funds at the ENE to qualify as a "claimant" under 28 U.S.C. § 1335(1), the existence of only one claimant is insufficient to establish federal statutory interpleader jurisdiction.. If fewer than two parties listed as defendants in interpleader complaint appear at ENE and assert conflicting claims, the interpleader must be dismissed for lack of jurisdiction. Likewise, if no claimant resides within the district, the interpleader must be dismissed for lack of venue.

**NOTICE AND ORDER SETTING EARLY NEUTRAL EVALUATION CONFERENCE AND CASE MANAGEMENT CONFERENCE (DKT 48)**

1. Personal Appearance of Parties is Required:  All named parties, party representatives, including claims adjusters for insured defendants, as well as principal attorney(s) responsible for the litigation must be present (Dkt 48, P2, L 3-5).

The Court's Notice and Order Setting Early Neutral Evaluation Conference (Dkt. 48) required the personal appearance of all named parties and representatives, including claims adjusters for insured defendants and principal attorneys. Despite this order, only Plaintiff Dang and Defendant Pontier submitted ENE statements and appeared at the hearing. Of those, only Defendant Pontier asserted a claim to the interpleader fund. He was therefore the sole claimant. Under 28 U.S.C. § 1335(1), the existence of only one claimant is insufficient to establish federal statutory interpleader jurisdiction.

Judge Curiel's proposed ENE order (Exhibit A) identified Dr. Kim, Dr. Yoo, and Glenn Nusbaum as parties to be dismissed for failure to Answer, failure to attend the May 14, 2020 ENE conference. This confirmed that they had not asserted any claims and were not proper parties to the proceeding.

By permitting a one-claimant interpleader to proceed past ENE establishment of a single claimant, the Court acted contrary to the fundamental purpose of interpleader, which exists to protect a stakeholder from multiple conflicting claims to the same fund. See *Libby, McNeill & Libby v. City Nat'l Bank*, 592 F.2d 504, 507 (9th Cir. 1978) ("A statutory interpleader action must comply with the venue provisions of § 1397."); *Pruco Life Ins. Co. v. Wilmington Tr. Co.*, 721 F.3d 1, 11–12 (1st Cir. 2013) (strictly construing jurisdictional requirements of § 1335).

Defendant Pontier being the only claimant there simply was no a dispute between multiple claimants.  A fact Judge Curiel acknowledged in his Order of Default(Dkt 98) again failing to consider statute of limitations defense again failing to dismiss interpleader.

MOTION TO VACATE ORDER OF TRANSFER                                    Case No:  3:21-cv-00199-LL-DDL

Judge Curiel's failure to dismiss the jurisdiction less interpleader following the ENE hearing, and his subsequent order enjoining the Nevada proceedings, requires that the enjoinment order be vacated for lack of federal statutory jurisdiction and/or venue in *Dang v. Pontier III*

**E. Contradictory Application of Venue Law Conflicting With Established Interpleader Venue Requirements**

Judge Curiel's order of enjoinment transferred *Pontier v. GEICO Insurance*—a case properly venued in the District of Nevada—to the Southern District of California. This action directly contradicted 28 U.S.C. § 1397, which requires that a statutory interpleader "may be brought in the judicial district in which one or more of the claimants reside." Defendant Pontier, the sole claimant under the interpleader statute, resided in Nevada. Accordingly, Nevada was the only proper district for venue.

Despite this statutory mandate, Judge Curiel transferred *Pontier v. GEICO Insurance* from Nevada to California, even though *Dang v. Pontier III* was itself filed in an improper venue in the Southern District of California. This reasoning produced a logical contradiction: the Court enjoined an action properly venued in Nevada and required that it be transferred to California solely because the California interpleader had been filed in the wrong district. In effect, the Court treated the impropriety of venue in California as justification for stripping jurisdiction from the proper venue in Nevada so that all matters could be presided over in California.

The District of Nevada was the proper venue for both *Dang v. Pontier III* and *Pontier v. GEICO Insurance*. Yet Judge Curiel's order required that because *Dang v. Pontier III* was improperly venued in California, *Pontier v. GEICO Insurance*—properly venued in Nevada—must also be transferred to the same improper forum. Such reasoning is contrary to law and logic. As courts have emphasized, "a statutory interpleader action must comply with the venue provisions of § 1397." *Libby, McNeill & Libby v. City Nat'l Bank*, 592 F.2d 504,

507 (9th Cir. 1978). See also *Pruco Life Ins. Co. v. Wilmington Tr. Co.*, 721 F.3d 1, 11–12 (1st Cir. 2013) (jurisdictional and venue requirements of § 1335 must be strictly enforced).

Two wrongs do not make a right. The Court's decision to transfer a properly venued Nevada action into an admittedly improper forum in California, on the basis that the interpleader itself was defective, constitutes clear error and judicial overreach. This contradictory application of venue law deprived Defendant of the protections of 28 U.S.C. § 1397 and requires that the enjoinment order be vacated.

The Ninth Circuit has held that venue provisions in interpleader actions are mandatory and strictly enforced. *Libby, McNeill & Libby v. City Nat'l Bank*, 592 F.2d 504, 507 (9th Cir. 1978). Courts consistently reject attempts to sidestep the plain language of § 1397. See also *Pruco Life Ins. Co. v. Wilmington Tr. Co.*, 721 F.3d 1, 11–12 (1st Cir. 2013) (strictly construing jurisdictional requirements of § 1335).

Judge Curiel's reasoning undermined the statutory framework. On the one hand, he permitted the California interpleader to proceed despite its improper venue; on the other, he removed the Nevada case from the only forum authorized under § 1397. Such inconsistent application of venue law constitutes reversible error and demonstrates judicial bias in favor of Plaintiff Dang.

Because the enjoinment order relied on an illogical and contradictory application of venue law, it cannot stand. The order must be vacated, and *Pontier v. GEICO Insurance* reinstated in the District of Nevada, the only proper venue under 28 U.S.C. § 1397.

*F. Facts Denial of Due Process*

By twice striking Defendant's venue motions(Dkt 130 & 142) and suppressing other dispositive filings, Judge Curiel deprived Defendant of a meaningful opportunity to be heard. *Mathews v. Eldridge*, 424 U.S. 319, 333

(1976) (due process requires "the opportunity to be heard at a meaningful time and in a meaningful manner"). The suppression of statutory defenses violated both 28 U.S.C. § 1391(b)(2) and § 1404(a). See also *Johnson v. Zerbst*, 304 U.S. 458, 462 (1938) (fundamental right to be heard cannot be arbitrarily denied).

**G. Lack of Similarity Between the Nevada and California Actions**

Judge Curiel asserted that the California and Nevada actions involved "substantially similar" issues. (Dkt. 154 at 6). In fact, the Nevada action asserted bad-faith claims against GEICO, conversion claims against JP Morgan Chase for negotiating $100,000 in checks without endorsement, malpractice and conversion claims against Dang, and claims against the State Bar of California for mishandling  denying Pontier's client security fund complaint. None of these issues were raised in Dang's interpleader, which involved only disputed claims by Dr. Kim, Dr. Yoo, and Mr. Nusbaum—claims they themselves declined to pursue .

After transfer, Judge Lopez dismissed Dr. Kim, Dr. Yoo, and Mr. Nusbaum, acknowledging they were never proper parties. Because Pontier's Motion to Dismiss (Dkt. 18) was never adjudicated prior to transfer, Pontier was deprived of due process, and the appellate record now lacks the relevant facts necessary for meaningful review .

The suppression of dispositive motions, reliance on incomplete facts, and misapplication of the First-to-File Rule deprived Pontier of meaningful access to the courts and violated his constitutional right to due process of law. See U.S. Const. amend. V; *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 429–30 (1982). For these reasons, the Order of Enjoinment must be vacated.

---

**ARGUMENT I**

11

MOTION TO VACATE ORDER OF TRANSFER                    Case No:  3:21-cv-00199-LL-DDL

## The Enjoinment Order Was Procured Through
## Misrepresentation and Suppression of Material Facts Supporting Exceptions to First to File Rule

Judge Curiel misrepresented *Dang v. Pontier III* as the first-filed complaint, ignoring that Plaintiff Dang had previously filed and dismissed multiple complaints without service or deposit of funds (*Dang v. Pontier I* and *II*). The actual first case Plaintiff Dang filed was Pontier v. Daniels filed in California state court. This misrepresentation suppressed evidence that the action fell within recognized exceptions to the First-to-File Rule, including bad faith, forum shopping, judge shopping, and anticipatory suit. See *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982); *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991).

Judge Curiel was fully aware of Dang's repeated pattern: filing complaints, intentionally failing to serve in order to delay proceedings, and then requesting dismissal only to refile again. For example, in addressing late service, Judge Curiel found:

> **"Plaintiff** does not deny that Pontier was served 66 days late and filed an affidavit of service indicating that Pontier was served on January 11, 2020, (Dkt. No. 24), and **admits there was no good cause."** (Dkt. 39 at 3, lines 1–3).

Despite this, Judge Curiel reasoned that dismissal would be futile because Dang would simply refile yet another complaint:

> **"Finally, Plaintiff argues that even if the Court were to grant dismissal, the case would be refiled and served again."** (Dkt. 39 at 3, lines 7–8).

This pattern demonstrates Dang manipulated the litigation process through repeated filings, intentional delay, and judge shopping, until the case was reassigned to Judge Curiel—a fellow member of the California State Bar predisposed to rule in Dang's favor. Misrepresentation to facilitate transfer constitutes misconduct under Rule 3(h)(1)–(3) of the Rules for Judicial-Conduct and Judicial-Disability Proceedings. See *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 881 (2009) (due process is violated where bias undermines fairness);

1   *Anderson v. City of Bessemer City*, 470 U.S. 564, 573–74 (1985) (unsupported factual findings are clearly
2   erroneous)

3   By refusing to rule on Defendant Pontier's pending dispositive motions Opposition to Enjoinment(Dt 144) and
4   ordering them removed from the record (Dkts. 49, 80, 109, 130, 142, 144, 145), Judge Curiel actively
5   suppressed critical case history from the court record . This conduct enabled forum shopping and judge
6   shopping, practices the Ninth Circuit has explicitly condemned. The First-to-File Rule is not absolute; it is
7   discretionary, and courts must consider equitable exceptions where parties engage in forum manipulation.
8   *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982).

9   Accordingly, Judge Curiel's reliance on the First-to-File Rule to enjoin the Nevada action was legally
10  erroneous and tainted by misrepresentation and bias. This misapplication of law, coupled with suppression of
11  dispositive filings, renders the enjoinment order void and requires vacatur under Federal Rule of Civil
12  Procedure 60(b).

13  **Suppression of Evidence of Anticipatory Suit and Bad Faith Exceptions to the First-to-File Rule**

14  On June 21, 2018, Defendant Pontier submitted a complaint against Plaintiff Dang to the San Diego District
15  Attorney's Office for conversion of $100,000 in client funds. The District Attorney deferred the matter to the
16  State Bar of California. Because Dang had withdrawn all $100,000 and could not return it, he anticipated that
17  Pontier would file suit once the State Bar ruled against him. Under State Bar procedure, failure to return client
18  funds would have required referral of the complaint back to the District Attorney for criminal prosecution.

19  To avoid this outcome, Dang proposed to the State Bar that he would file a federal interpleader and deposit
20  $78,702.25 in exchange for dismissal of the disciplinary complaint without sanction. This offer contradicted
21  Dang's own retainer agreement, which required him to return all undisbursed funds directly to Pontier within

MOTION TO VACATE ORDER OF TRANSFER                                    Case No:  3:21-cv-00199-LL-DDL

60 days of the initial disbursement. Instead, after disbursing $16,500 to himself in November 2015, Dang never returned the balance. Despite Pontier's objections, the State Bar accepted Dang's proposal and dismissed the complaint once he filed the interpleader .

In July 2016, Plaintiff Joseph Dang disappeared after converting $100,000 in settlement funds belonging to Defendant Pontier. Defendant sent repeated notices terminating Dang's representation and demanding that he return the funds to Farmers Insurance and GEICO Insurance.  In September 2017 the U.S. P.S. returned a certified letter addressed to Plaintiff Dang  notifying Defendant Pontier reciepient had moved without forwarding address.

Defendant sought assistance from Farmers and GEICO to recover the funds. Both insurers responded that Pontier's claims were closed because Dang had already accepted settlement funds. GEICO denied Pontier's request for arbitration, citing Dang's unauthorized settlement of his claims. GEICO further insisted that Pontier's underinsured motorist policy, which carried a $250,000 limit under Nevada law, had been resolved by paying only $50,000 directly to Dang (Exhibit B) .

Realizing that recovery from the insurers was impossible, Defendant filed a complaint with the San Diego District Attorney's Office against Dang for conversion of client funds. Only after facing potential prosecution did Dang resurface ignoring fact Defendant Pontier repeated notices Plaintiff Dang was fired return funds so Defendant Pontier can negotiate directly with creditors, insisting that he remained Pontier's attorney, refusing to return any portion of the $100,000, and asserting sole authority to negotiate with medical providers. In one instance, TEOCO Corp. rejected Pontier's personal offer to settle for $6,500 because Dang was simultaneously offering them $35,000.00 in direct violation of Pontier's instructions Dang was fired. These actions violated core attorney–client duties, including the obligation to abide by a client's decision regarding settlement, as required by Cal. Rules of Prof'l Conduct, Rule 1.2(a) .

MOTION TO VACATE ORDER OF TRANSFER                          Case No:  3:21-cv-00199-LL-DDL

1    Despite these facts, each time Defendant attempted to bring this misconduct to the Court's attention, Judge

2    Curiel ordered the motions and supporting documents removed from the record. As a result, critical evidence

3    of Plaintiff Dang's ethical violations, unauthorized settlements, and conversion of funds was suppressed,

4    depriving Defendant of the opportunity to present a full and fair record .

5    On August 9, 2018, Dang filed *Dang v. Pontier I*, Case No. 18-cv-1869-LAB-BGS (S.D. Cal.), and sent a copy

6    of the complaint to State Bar investigators. The complaint stated: "After this complaint has been accepted for

7    filing, Plaintiff will move the court for an Order directing the Clerk of Court to accept $78,702.25 in

8    interpleader funds" (Dkt. 1 at 4, ll. 15–18). Investigators assumed the funds had been deposited, but in fact

9    Dang never deposited the money and never served any of the defendants, including Pontier. Five days later, on

10   August 14, 2018, the State Bar dismissed Pontier's complaint based on this misrepresentation .

11   Dang's interpleader was therefore a textbook **anticipatory suit** filed to preempt Pontier's impending claims

12   and to avoid State Bar discipline. Anticipatory filings fall squarely within recognized exceptions to the First-to-

13   File Rule. See *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) (anticipatory suits and

14   bad faith filings are exceptions to the rule); *EEOC v. Univ. of Pa.*, 850 F.2d 969, 977 (3d Cir. 1988), aff'd, 493

15   U.S. 182 (1990) (anticipatory suits undermine fairness and are disfavored); *Z-Line Designs, Inc. v. Bell'O Int'l*

16   *LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003) (anticipatory filings are disfavored attempts to secure forum

17   advantage).

18   Despite these facts, Judge Curiel suppressed dispositive evidence by striking or ordering removed Pontier's

19   motions—including his Motion for Sanctions (Dkt. 109)—on the ground that no hearing date had been set,

20   even though chambers never responded to Pontier's requests for hearing dates. The effect was to exclude

21   evidence that Dang filed three federal interpleaders complaints without depositing funds or serving parties

within Rule 4's deadline, thereby abusing the judicial process to forestall State Bar discipline, avoid criminal referral, and block Pontier's recovery of the missing $100,000 .

By disregarding the anticipatory nature of Dang's filings and suppressing evidence critical to the First-to-File Rule's bad-faith exceptions, Judge Curiel deprived Pontier of a dispositive defense. This suppression violated due process and requires vacatur of the enjoinment order under Federal Rule of Civil Procedure 60(b).

## ARGUMENT II

### Reliance on Time-Barred Claims:

The interpleader claims in *Dang v. Pontier III* were based on medical bills from 2012–2013, which had expired under California law (*Cal. Civ. Proc. Code* §§ 337, 339) years before the filing on August 13, 2019. Federal courts lack jurisdiction over procedurally time-barred claims. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992); *Libby, McNeill & Libby v. City Nat'l Bank*, 592 F.2d 504, 509 (9th Cir. 1979). By suppressing dispositive motions and defenses (Dkts. 49, 109, 130, 142, 144), the Court disregarded binding precedent and deprived Defendant of due process. See *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 429–30 (1982).

Defendant Pontier was not served until January 11, 2020 under California law statute of limitations is not tolled at time of filing tolled at time of service.    All claims Plaintiff filed against Defendant |Pontier had expired up to 6 years prior to January 11, 2020 service.

It could be additionally argued as Plaintiff Dang had no standing to submit claims on behalf of Dr. Kim, Dr. Yoo, Glen Nusbuam, UMR Inc. etc. and they have to date not filed claims against Defendant Pontier in any court state or federal the statute of limitations was never tolled and to date 13 years later time allowed for

MOTION TO VACATE ORDER OF TRANSFER                                   Case No:  3:21-cv-00199-LL-DDL

collection attempts have expired without complaint ever filed and without Defendant Pontier ever being served.

By failing to consider Defendant Opposition to Enjoinment (Dkt 144) which asserted the statute of limitations expiration foreclosed filing of the interpleader and because claims attributed to Dr. Kim, Dr. Yoo and Glen Nusbuam had expired for collection prior to interpleader service Judge Curiel could not consider Dr. Kim, Dr. Yoo and Glen Nusbuam as active parties to interpleader for purposes of alleging common defendants with Pontier v. GEICO.  Judge Curiel failure to address Defendant Pontier opposition in his Order of Enjoinment was a violation of due process and suppressed Defendants opposition from a ruling that could be appealed.

### Argument III

**Misrepresentation of Defaulted parties Dr. Kim, Dr. Yoo and Glen Nusbuam as common active defendants in both cases inorder to justify enjoinment under First-to-File rule.**

Suppression of Plaintiff Pontier December 2, 2020 Motion to Dismiss (Dkt 18) by never ruling upon it. Motion requesting Dr. Kim, Dr. Yoo and Glen Nusbuam is dismissed to avoid any alledged common parties, dual litigation.

December 18, 2020 To justify enjoinment under first to file rule Judge Curiel mischaracterized defaulted parties Glen Nussbaum, Dr. Kim, and Dr. Yoo as active common parties in both cases. "While the parties are not identical they are somewhat similar as they both include Pontier, Dang, **Kim, Nusbuam and Yoo**."(Dkt 154, P6, L5-6) Judge Curiel had issued default against Kim, Nusbuam and Yoo July 2020 (Dkt 98) for not Answering recognizing Pontier as the only defendant(Dkt 98). Despite this Judge Curiel finding Dec 18, 2020 (Dkt 154) Kim, Nusbuam and Yoo were active common defendants in both cases to support his ruling for enjoinment.

Judge Curiel acknowledged (Dkt 154, P4, L5-6) Pontier had filed a motion to voluntarily dismiss Dr. Kim, Dr. Yoo and Glen Nusbuam(Dkt 18) to ensure there was no possibility of duplication of litigation. Judge Curiel suppressed Pontier's Motion to Dismiss (Dkt. 18, Dec. 2, 2020) by never ruling upon it. Previously, Dang had filed a similar motion to dismiss 3 defendants(Dkt 60) Judge Curiel ruled upon it the very next day (Dkt 63). This demonstrates clear bias motions Pontier filed Pro se never ruled upon, instead of denied, preventing appeal similar motion filed by Plaintiff Dang a fellow member of the State Bar of California ruled upon granted the next day(Dkt 63).

## Argument IV.

### Judicial Bias and Conflict of Interest Render the Order Void

Judge Curiel, a former member of the California State Bar, presided despite the State Bar being a named defendant with potential liability under the Client Security Fund. This financial connection created a disqualifying conflict of interest under 28 U.S.C. § 455(b)(4). See *Tumey v. Ohio*, 273 U.S. 510, 523 (1927); *Liljeberg*, 486 U.S. at 860. A reasonable observer could conclude that impartiality was compromised.

Judge Curiel, a former member State Bar of California, ordered Pontier v. GEICO enjoined for transfer to himself then presided despite the State Bar being a named defendant with potential liability of $100,000 under the Client Security Fund. Judge Curiel contributed directly to CSF thru bar membership dues. This created a disqualifying conflict of interest. See 28 U.S.C. § 455(a), (b)(4); *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988); *Tumey v. Ohio*, 273 U.S. 510, 523 (1927). A reasonable observer could conclude that Judge Curiel's rulings were influenced by this pecuniary connection, triggering recusal under § 455(b)(4) (*Tumey v. Ohio*, 273 U.S. 510, 523 (1927); *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 ).

## Argument V.

### Denial of Due Process

MOTION TO VACATE ORDER OF TRANSFER                                    Case No:  3:21-cv-00199-LL-DDL

By twice striking Defendant's venue motions(Dkt 130 & 142) and suppressing other dispositive filings, Judge Curiel deprived Defendant of a meaningful opportunity to be heard. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (due process requires "the opportunity to be heard at a meaningful time and in a meaningful manner"). The suppression of statutory defenses violated both 28 U.S.C. § 1391(b)(2) and § 1404(a). See also *Johnson v. Zerbst*, 304 U.S. 458, 462 (1938) (fundamental right to be heard cannot be arbitrarily denied).

## Argument VI

### Misrepresentation of Substantial Similarity Required for Enjoinment Under the First-to-File Rule

Judge Curiel erred in finding that the issues in *Dang v. Pontier III* and *Pontier v. GEICO Insurance* were "substantially similar." The First-to-File Rule applies only when two cases involve the same parties and substantially identical issues. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982); *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991). Courts emphasize that "[t]he issues must be substantially the same, not just tangentially related." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015).

In *Pontier v. GEICO Insurance*, Plaintiff Pontier asserted claims against GEICO Insurance for bad faith under Nevada law, JP Morgan Chase Bank for conversion of two $50,000 checks deposited without Pontier's endorsement, Dang for negotiating settlement checks without authorization, and the State Bar of California for improperly closing a $100,000 client security fund claim. None of these issues were raised in *Dang v. Pontier III*, which was filed as a statutory interpleader bases upon claims Dr. Kim, Dr. Yoo,  Glenn Nusbaum asserted claims against Plaintiff Dang seeking the interpleader funds.

Judge Curiel's conclusion that the cases were "substantially similar" ignored these material differences. The interpleader did not involve GEICO, Chase Bank, or the State Bar of California, nor did it implicate insurance

bad faith or conversion claims. The only common thread was Plaintiff Dang's involvement, which is insufficient to invoke the First-to-File Rule. See *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006) ("The rule does not apply where the overlap between the cases is superficial or limited to one party.").

Moreover, the Ninth Circuit requires courts to consider "equitable factors" before issuing enjoinment, including whether the first action was filed in bad faith or to preempt another forum. *Alltrade*, 946 F.2d at 628. Here, *Dang v. Pontier III* was filed in an improper venue and lacked statutory jurisdiction under 28 U.S.C. §§ 1335 and 1397. These defects render reliance on the First-to-File Rule particularly inappropriate.

Because the issues in the Nevada action and the California interpleader were not substantially similar, and because the California action lacked jurisdiction, Judge Curiel's order of enjoinment was legally erroneous and must be vacated.

---

## Argument VII

**Result of Cross-District and Cross-State Transfer**

The transfer of *Pontier v. GEICO Insurance* was premised on Judge Curiel's assertion that Dr. Paul Kim, Dr. Kevin Yoo, and Glenn Nusbaum were common active defendants in both the Nevada and California actions

At the time of transfer, Judge Curiel had presided over *Dang v. Pontier III* for more than eighteen months—including six months of inactivity due to Plaintiff Dang's late service—while Judge Boulware had presided over *Pontier v. GEICO Insurance* in the District of Nevada for approximately six months.

MOTION TO VACATE ORDER OF TRANSFER                    Case No:  3:21-cv-00199-LL-DDL

Following transfer, the case was temporarily reassigned to Judge Curiel, who claimed superior familiarity with the litigation. Yet the matter was then reassigned to District Judge Linda Lopez, a newly appointed judge with no prior involvement in either action. This directly conflicted with Judge Curiel's stated rationale for transfer—that his greater familiarity with the case justified enjoinment. The result was that *Pontier v. GEICO Insurance* was removed from Judge Boulware, who had six months of experience with the Nevada case, and transferred to Judge Lopez, who had none

Compounding this error, *Pontier v. GEICO Insurance* involved allegations of insurance bad faith under a Nevada automobile insurance policy—claims squarely within Judge Boulware's expertise as a Nevada District Judge. Judge Lopez, by contrast, had no background in Nevada insurance law. Thus, the transfer undermined the efficiency and fairness that the First-to-File Rule is intended to promote.

Judge Lopez promptly recognized that Dr. Kim, Dr. Yoo, and Glenn Nusbaum had never been served, had never appeared, and were never proper parties. She dismissed them accordingly. In fact, these individuals— whom Judge Curiel had previously mischaracterized as "common active defendants" to justify enjoinment (Dkt. 154)—were either defaulted or dismissed from both actions without filing a single document.

The end result was that *Pontier v. GEICO Insurance* was removed from Judge Boulware, a judge with no affiliation to Defendant the State Bar of California, and reassigned across districts and state lines first to Judge Curiel and then to Judge Lopez, both former members of Defendant the State Bar of California. This reassignment created a conflict of interest where none previously existed, undermining the integrity of the proceedings and justifying vacatur of the Order of Enjoinment.

A judge's impartiality must not only exist but must also appear to exist. 28 U.S.C. § 455(a) requires recusal where a judge's impartiality might reasonably be questioned. See *Liljeberg v. Health Servs. Acquisition Corp.*,

486 U.S. 847, 860–61 (1988) (vacating judgment where undisclosed conflict created appearance of bias); *Tumey v. Ohio*, 273 U.S. 510, 523 (1927) (due process requires a neutral and disinterested judge). By transferring the Nevada action to a judge affiliated with a named defendant, based upon the misrepresentation of defaulted parties as active defendants, the reassignment violated both the letter and spirit of § 455.

## Argument VIII

## Venue Was Proper in Nevada, Not California

The GEICO insurance contract, premium payments, and medical treatment all occurred in Nevada. Venue was therefore proper in the District of Nevada under 28 U.S.C. § 1391(b)(2), which provides that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." See *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986) (venue proper where "a substantial part" of the events occurred).

Statutory interpleader requires that at least one claimant reside in the district of filing. 28 U.S.C. § 1335(1). Defendant Pontier, the sole claimant to appear at the Early Neutral Evaluation and assert a claim, resided in Nevada. Accordingly, under 28 U.S.C. § 1397, venue was proper only in the District of Nevada. See *Libby, McNeill & Libby v. City Nat'l Bank*, 592 F.2d 504, 507 (9th Cir. 1978) (venue in interpleader strictly limited to districts where a claimant resides).

Despite these mandates, Plaintiff Dang filed *Dang v. Pontier III* in the Southern District of California, where no claimant resided and no substantial part of the events occurred. Because that action was filed in an improper venue, it could not form the basis for transferring *Pontier v. GEICO Insurance*—which was properly venued in Nevada—into California. See *Atl. Marine Constr. Co. v. U.S. Dist. Court*, 571 U.S. 49, 55 (2013) (venue

transfer statute cannot authorize transfer to an improper venue); *In re Bozic*, 888 F.3d 1048, 1054 (9th Cir. 2018) (district court erred by transferring case to district where venue was improper).

Judge Curiel's reliance on the First-to-File Rule to justify this transfer contravened 28 U.S.C. § 1404(a). The Ninth Circuit has emphasized that the First-to-File Rule is discretionary, not automatic, and must yield where equitable considerations such as improper venue are present. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) (rule does not apply where "equitable exceptions" exist, including forum shopping and bad faith).

Because *Dang v. Pontier III* was misfiled in the wrong venue, it could not serve as the basis for enjoining or transferring *Pontier v. GEICO Insurance* out of the District of Nevada. The Order of Enjoinment must therefore be vacated under Rule 60(b), as it rests on a fundamental misapplication of venue law and violates the statutory framework established by 28 U.S.C. §§ 1335, 1397, and 1404(a).

## Argument IX

### Procedural Manipulation Foreclosed Appellate Review

By refusing to rule on dispositive defenses, suppressing motions, and mischaracterizing defaulted parties as active defendants, the Court manufactured an incomplete record that foreclosed appellate jurisdiction under 28 U.S.C. § 1291. See *Silberkleit v. Kantrowitz*, 713 F.2d 433, 434 (9th Cir. 1983).

---

**Conclusion**

For the foregoing reasons, the Order of Enjoinment and Transfer was procured through misrepresentation, suppression of dispositive defenses, reliance on time-barred claims, and judicial bias in violation of due

MOTION TO VACATE ORDER OF TRANSFER                                        Case No:  3:21-cv-00199-LL-DDL

process. Because venue was proper in Nevada under 28 U.S.C. §§ 1391(b)(2) and 1397, and because the Southern District of California lacked statutory jurisdiction under 28 U.S.C. § 1335, the order is void. Relief is therefore warranted under Federal Rule of Civil Procedure 60(b)(1), (3), (4), and (6). This Court should vacate the Order of Enjoinment and Transfer, reinstate *Pontier v. GEICO Insurance* in the District of Nevada, and grant such further relief as justice requires.

---

**Relief Requested**

For the reasons above, Defendant respectfully requests that this Court:

1. Vacate the Order of Enjoinment and Transfer under Fed. R. Civ. P. 60(b)(1), (3), (4), and (6);
2. Reinstate *Pontier v. GEICO Insurance* in the District of Nevada;
3. Vacate all related orders issued in reliance on the enjoinment; and
4. Grant such other and further relief as the Court deems just and proper.

---

Respectfully Submitted    Dated: September 15, 2025

*s/  David S. Pontier,Pro se.*

Plaintiff David S. Pontier, Pro se.
E-mail: ru4funlv@gmail.com

**<u>PROOF OF SERVICE</u>**

STATE OF NEVADA, COUNTY OF CLARK

   I am a party to this action representing myself Pro Se.   I am presently unemployed due to spinal injury my home address is 7118 Pinelake Rd., Las Vegas, Nevada 89145.

   On September 15, 2025, I served the foregoing documents describe as  Response to Motion to Dismiss in the manner indicated below on the persons(s) listed on the attached service list:

MOTION TO VACATE ORDER OF TRANSFER                    Case No:  3:21-cv-00199-LL-DDL

(X ) BY ELECTRONIC FILING On this date, I filed the above referenced document(s) via the United States District Court, Central District of California electronic filing system and all attorneys who have appeared in this matter that have registered for electronic service will be served in that manner.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct, and that this declaration was executed on  September 15, 2025 , at Las Vegas, Nevada.

*s/  David S. Pontier,Pro se.*

Plaintiff David S. Pontier, Pro se.
E-mail: ru4funlv@gmail.com

## SERVICE LIST

Defendant JP Morgan Chase Bank
Brett David Watson
Cozen O'Connor
401 Wilshire Boulevard
Suite 850
Santa Monica, CA 90401
310-393-4000
bwatson@cozen.com

Joseph Dang
#220
7220 Trade Street
San Diego, CA 92121
(858) 925-4525
No email address on file

Raul G. Duran, Jr.
The State Bar of California
180 Howard Street
San Francisco, CA 94105
415-538-2079
raul.duran@calbar.ca.gov

Defendant GEICO
Mark W. Hansen
Law Office of Mark W. Hansen
501 W. Broadway, Suite 1480
San Diego, CA 92101
Tel: 619-214-6066
619-354-7195 (fax)
markwhansen123@gmail.com

Clerk's Office
U.S. District Court Southern District of California
Suite 420
333 West Broadway
San Diego, CA 92101
efile_goddard@casd.uscourts.gov

John F. Burns
Sheppard Mullin
501 West Broadway
18th Floor
San Diego, CA 92101
619-338-6588
jburns@sheppardmullin.com

MOTION TO VACATE ORDER OF TRANSFER

Case No:  3:21-cv-00199-LL-DDL