**David Pontier, Pro Se**
**Plaintiff**
**7118 Pinelake Rd.**
**Las Vegas, Nevada 89145**
**(702)-861-8845**
**ru4funlv@gmail.com**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **David Pontier, Pro se. an individual.** **Plaintiff,** v. **GEICO Insurance, Maryland Corporation: Farmers Inc., California Corporation JP Morgan Chase Bank, N.A. a Delaware Corporation Joseph Dang, an individual; The State Bar of California: California Corporation State of California :California Corporation Does 1-10,Individual Defendants.** | Case No:  3:21-cv-00199-LL-DDL Formerly Case No: 2:20-cv-01446-RFB-BNW District Judge Hon. Linda Lopez Hon. Magistrate Judge David D. Leshner **MOTION TO VACATE ORDER SETTING ASIDE DEFAULT(Dkt 100)** Complaint Filed: August 5, 2020 REQUEST  ORAL ARGUMENT Hearing Date: October 30, 2025 |

## MOTION TO VACATE

## ORDER SETTING ASIDE DEFAULT(Dkt 100)

**Comes now** Plaintiff David Pontier, appearing *pro se*, and respectfully moves this Court under Federal Rule of Civil Procedure 60(b) to vacate the Order setting aside default against Defendant State Bar of California . The State Bar voluntarily executed a waiver of service on April 16, 2021. Having waived service, it cannot later disavow that waiver by claiming it was attached to the "wrong complaint." Rule 4(d)(3) provides that a defendant who executes a

1  waiver "does not waive any objection to personal jurisdiction or venue," but **does waive any**
2  **defense relating to service of process.** Once returned, the waiver is binding, and service is
3  complete. See *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996); *Perez v. United*
4  *States*, 103 F. Supp. 3d 1180, 1192 (S.D. Cal. 2015).

5  Despite this clear authority, Judge Lopez reversed the Clerk's entry of default by accepting the
6  State Bar's claim that it had mistakenly received the wrong pleading with the waiver. Courts
7  have rejected such reasoning, holding that a waiver remains valid despite technical defects,
8  provided the defendant had notice of the action. *United Food & Commercial Workers Union v.*
9  *Centermark Props. Meriden Square, Inc.*, 30 F.3d 298, 302 (2d Cir. 1994); *Schnabel v. Wells*
10 *Fargo Bank N.A.*, 322 F. Supp. 2d 1220, 1226 (C.D. Cal. 2004). By disregarding binding
11 precedent and creating a novel exception to Rule 4(d), Judge Lopez acted to the unique benefit
12 of the State Bar of California—a named defendant with which she shares membership and
13 affiliation.

14 Such conduct gives rise to both **actual bias** and the **appearance of bias** in violation of 28
15 U.S.C. § 455(a). A reasonable observer would question Judge Lopez's impartiality where she
16 shielded her own professional organization from default by relying on a legally baseless
17 rationale. See *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860–61 (1988);
18 *Clemens v. U.S. Dist. Ct.*, 428 F.3d 1175, 1178 (9th Cir. 2005). The reversal of default,

achieved through judicial bias and suppression of controlling law, deprived Plaintiff of due process and requires vacatur of the order under Rule 60(b)(6).

**Denial of Recusal in Violation of 28 U.S.C. § 455(a)**

Despite the clear conflicts presented, Judge Lopez denied Plaintiff Pontier's Motion for Recusal in this action and likewise denied his Motion for Recusal in *Dang v. Pontier III*, an interpleader action filed by attorney Joseph Dang—himself a member of Defendant State Bar of California. These rulings contravene 28 U.S.C. § 455(a), which requires a federal judge to disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned."

The Ninth Circuit has long recognized that recusal is mandatory where a judge's affiliation creates even the appearance of bias. *Clemens v. U.S. Dist. Ct.*, 428 F.3d 1175, 1178 (9th Cir. 2005). The Supreme Court has further held that due process is violated where a judge's circumstances create "a possible temptation" not to hold the balance "nice, clear and true." *Tumey v. Ohio*, 273 U.S. 510, 532 (1927).

Here, Judge Lopez is a non active member of the State Bar of California—a named defendant in the case over which she presides. By refusing to recuse herself, Judge Lopez not only failed to dispel the appearance of bias, but also permitted her professional affiliation to taint rulings in favor of the State Bar, including the reversal of its default. Under *Liljeberg v. Health Servs.*

*Acquisition Corp.*, 486 U.S. 847, 860–61 (1988), such circumstances require vacatur of tainted orders in order to preserve public confidence in judicial impartiality.

Accordingly, Judge Lopez's denial of recusal in violation of § 455(a) demonstrates judicial bias and further supports vacatur of the order setting aside default.

---

## II. Legal Standard

Federal Rule of Civil Procedure 4(d)(1) provides that a defendant "has a duty to avoid unnecessary expenses of serving the summons" and may waive service by signing and returning a waiver form. A defendant who waives service "does not waive any objection to personal jurisdiction or to venue," but **does waive any defense relating to service of process.** Fed. R. Civ. P. 4(d)(3).

Once a waiver is executed and returned, service is complete. *Perez v. United States*, 103 F. Supp. 3d 1180, 1192 (S.D. Cal. 2015). A defendant cannot thereafter invoke Rule 4(m) to challenge timeliness or claim defective service. See *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) ("Returning a waiver eliminates the need for service of process and waives any defense premised on insufficiency of service."); *Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).

TABLE OF CONTENTS

I. Introduction ................................................... 1

Legal Standard ............................................... 4

Argument ....................................................... 5

    A. Binding Waiver of Service .................................. 5

    B. The Waiver Cannot Be Rescinded ........................5

    C. Rule 4(m) Does Not Apply After Waiver.............. 6

    D. Proper Service Was Effected ................................ 6

    E. Judicial Bias in Reversal of Default........................ 7

Conclusion and Relief Requested .................................... 9

Table of Authorities ...................................... 10

---

**Argument**

**A. The State Bar Executed a Binding Waiver of Service**

The record shows the State Bar executed a waiver of service on April 16, 2021 . That waiver satisfied Rule 4 and eliminated the need for formal service. The law is clear: once waived, a defendant cannot "unwaive" service months or years later in order to avoid default. See *Schnabel v. Wells Fargo Bank N.A.*, 322 F. Supp. 2d 1220, 1226 (C.D. Cal. 2004).

**B. Binding Waiver of Service The Waiver Cannot Be Rescinded Based on Attachment of a Draft Pleading**

The State Bar claims it mistakenly received a proposed amended complaint with the waiver request, rather than the original complaint . But this does not void its waiver. Courts consistently hold that a waiver remains valid despite technical defects, so long as the defendant had notice of the action. *United Food & Commercial Workers Union v. Centermark Props. Meriden Square, Inc.*, 30 F.3d 298, 302 (2d Cir. 1994).

Here, the State Bar had actual notice of the claims, was named in the caption, and knowingly created and executed a Rule 4(d) waiver. Having voluntarily accepted service, it cannot now disclaim it.

**C. Rule 4(m) Does Not Apply After Waiver**

Rule 4(m)'s 90-day service deadline applies only where service must still be perfected. Where a defendant waives service, the deadline is satisfied upon execution of the waiver. *Perez*, 103 F. Supp. 3d at 1192. The State Bar's reliance on Rule 4(m) is therefore misplaced, as waiver renders the timeliness inquiry irrelevant.

**D. Proper Service Was Effected**

The record demonstrates that Plaintiff properly served the original complaint on Defendant State Bar of California. In addition, after the State Bar executed a waiver of service, Plaintiff ensured that copies of every subsequent filing were mailed to the State Bar as a courtesy. Thus, Defendant indisputably received the original complaint, the amended complaint, and all filings leading up to the Clerk's issuance of default .

Under Federal Rule of Civil Procedure 4(d)(3), a defendant who executes a waiver is deemed served as of the date the waiver is filed and waives any objection to the sufficiency of service. See *Perez v. United States*, 103 F. Supp. 3d 1180, 1192 (S.D. Cal. 2015). Courts uniformly hold that a defendant who returns a waiver cannot later contest service. *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996); *Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).

Despite this clear record, Judge Lopez disregarded Plaintiff's evidence and accepted the State Bar's claim that service was defective. This ruling, contrary to both fact and law, reflects judicial bias in favor of the State Bar—a named defendant with which she shares professional affiliation. A reasonable observer would question the impartiality of a judge who excuses her own professional organization from default by ignoring evidence of proper service. See 28 U.S.C. § 455(a); *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860–61 (1988).

**E Judicial Bias in Reversal of Default**

Judge Lopez's a non active member of The State Bar of California order setting aside default against the State Bar of California demonstrates judicial bias and the appearance of partiality. The record shows that the State Bar executed a binding waiver of service on April 16, 2021, thereby eliminating any defense under Rule 4(m). Courts uniformly hold that a defendant who waives service cannot later contest it. See *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (waiver eliminates service defenses); *Armco, Inc. v. Penrod–Stauffer Bldg. Sys.,*

1   *Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984) (same); *Perez v. United States*, 103 F. Supp. 3d 1180,

2   1192 (S.D. Cal. 2015) (waiver renders Rule 4(m) inapplicable).

3   Despite this controlling law, Judge Lopez accepted the State Bar's argument that it had

4   mistakenly received the "wrong complaint" with the waiver request and used that pretext to

5   undo default. Courts have squarely rejected this rationale, holding that a waiver remains valid

6   despite technical defects so long as the defendant had notice of the action. *United Food &*

7   *Commercial Workers Union v. Centermark Props. Meriden Square, Inc.*, 30 F.3d 298, 302 (2d

8   Cir. 1994); *Schnabel v. Wells Fargo Bank N.A.*, 322 F. Supp. 2d 1220, 1226 (C.D. Cal. 2004).

9   Judge Lopez's ruling effectively created a new exception to Rule 4(d) not recognized by statute

10  or case law, benefitting only the State Bar of California—a named defendant with which she

11  shares membership and affiliation. Such conduct violates 28 U.S.C. § 455(a), which requires

12  recusal where impartiality might reasonably be questioned. See *Liljeberg v. Health Servs.*

13  *Acquisition Corp.*, 486 U.S. 847, 860–61 (1988) (vacatur required where bias or its appearance

14  undermines public confidence); *Clemens v. U.S. Dist. Ct.*, 428 F.3d 1175, 1178 (9th Cir. 2005)

15  (appearance of bias sufficient).

16  The reversal of default, in direct contravention of Rule 4(d) and established precedent,

17  evidences favoritism toward the State Bar and prejudice against Plaintiff. This judicial bias

18  taints the proceedings and warrants vacatur of the order under Rule 60(b)(6).

## Conclusion

The State Bar voluntarily executed a Rule 4(d) waiver of service and was deemed served as of April 16, 2021. It cannot now invoke Rule 4(m) or technical objections to undo its waiver and escape default. The default entered by the Clerk was proper and should be reinstated.

Accordingly, Plaintiff respectfully requests that the Court vacate its Order setting aside default against the State Bar of California and reinstate the entry of default.

## Relief Requested

For the reasons above, Plaintiff respectfully requests that this Court:

1) Vacate its Order setting aside default against Defendant State Bar of California;

2) Reinstate the Clerk's entry of default;

3) Vacate all Orders issued by District Judge Linda Lopez in this case

4) Vacate all Orders issued by District Judge Linda Lopez interpleader case Dang v. Pontier III

5) Vacate Order of Transfer

6) Vacate Order of Enjoinment

7) Dismiss Interpleader for lack of Federal Jurisdiction and/or Venue.

8) District Judge Linda Lopez recuse herself from this case.

9) District Judge Linda Lopez recuse herself from interpleader case Dang v. Pontier III.

10) Grant such other and further relief as the Court deems just and proper.

---

**Table of Authorities**

**Cases**

- *Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087 (4th Cir. 1984)
- *Clemens v. U.S. Dist. Ct.*, 428 F.3d 1175 (9th Cir. 2005)
- *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988)
- *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444 (5th Cir. 1996)
- *Perez v. United States*, 103 F. Supp. 3d 1180 (S.D. Cal. 2015)
- *Schnabel v. Wells Fargo Bank N.A.*, 322 F. Supp. 2d 1220 (C.D. Cal. 2004)
- *Tumey v. Ohio*, 273 U.S. 510 (1927)
- *United Food & Commercial Workers Union v. Centermark Props. Meriden Square, Inc.*, 30 F.3d 298 (2d Cir. 1994)

**Statutes**

- 28 U.S.C. § 455
- Fed. R. Civ. P. 4(d), 4(m), 60(b)

---

Respectfully Submitted    Dated: September 17, 2025

*s/  David S. Pontier, Pro se.*

Plaintiff David S. Pontier, Pro se.
E-mail: ru4funlv@gmail.com

**PROOF OF SERVICE**

STATE OF NEVADA, COUNTY OF CLARK

1  I am a party to this action representing myself Pro Se.   I am presently unemployed due to

2  spinal injury my home address is 7118 Pinelake Rd., Las Vegas, Nevada 89145.

3  On September 17, 2025, I served the foregoing documents describe as  Response to Motion

4  to Dismiss in the manner indicated below on the persons(s) listed on the attached service list:

5  (X ) BY ELECTRONIC FILING On this date, I filed the above referenced document(s) via the

6  United States District Court, Central District of California electronic filing system and all

7  attorneys who have appeared in this matter that have registered for electronic service will be

8  served in that manner.

9  I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is

10  true and correct, and that this declaration was executed on  September 17, 2025 , at Las Vegas,

11  Nevada.

12  *s/   David S. Pontier,Pro se.*

13  Plaintiff David S. Pontier, Pro se.
14  E-mail: ru4funlv@gmail.com

15  **SERVICE LIST**

16

| | |
|---|---|
| Defendant JP Morgan Chase Bank<br>Brett David Watson<br>Cozen O'Connor<br>401 Wilshire Boulevard<br>Suite 850<br>Santa Monica, CA 90401<br>310-393-4000<br>bwatson@cozen.com | Defendant GEICO<br>Mark W. Hansen<br>Law Office of Mark W. Hansen<br>501 W. Broadway, Suite 1480<br>San Diego, CA 92101<br>Tel: 619-214-6066<br>619-354-7195 (fax)<br>markwhansen123@gmail.com |

| | |
|---|---|
| Joseph Dang<br>#220<br>7220 Trade Street<br>San Diego, CA 92121<br>(858) 925-4525<br>No email address on file | Clerk's Office<br>U.S. District Court Southern District of California<br>Suite 420<br>333 West Broadway<br>San Diego, CA 92101<br>efile_goddard@casd.uscourts.gov |
| Raul G. Duran, Jr.<br>The State Bar of California<br>180 Howard Street<br>San Francisco, CA 94105<br>415-538-2079<br>raul.duran@calbar.ca.gov | John F. Burns<br>Sheppard Mullin<br>501 West Broadway<br>18th Floor<br>San Diego, CA 92101<br>619-338-6588<br>jburns@sheppardmullin.com |

1