1

**David Pontier, Pro Se**
**Plaintiff**
**7118 Pinelake Rd.**
**Las Vegas, Nevada 89145**
**(702)-861-8845**
**ru4funlv@gmail.com**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **David Pontier,Pro se. an individual.** | **Case No:  3:21-cv-00199-LL-DDL** |
| **Plaintiff,** | **Formerly Case No: 2:20-cv-01446-RFB-BNW** |
| | |
| **v.** | **District Judge Hon. Linda Lopez Hon.** |
| | **Magistrate Judge David D. Leshner** |
| **GEICO Insurance, Maryland Corporation:** | |
| **Farmers Inc., California Corporation** | **MOTION FOR RECUSAL** |
| **JP Morgan Chase Bank, N.A. a Delaware** | |
| **Corporation** | **Complaint Filed: August 5, 2020** |
| **Joseph Dang, an individual;** | **REQUEST  ORAL ARGUMENT** |
| **The State Bar of California: California** | **Hearing Date: October 30, 2025** |
| **Corporation** | |
| **State of California :California Corporation** | |
| **Does 1-10,Individual** | |
| **Defendants.** | |

2

## MOTION FOR RECUSAL

3

      Comes now Plaintiff **David Pontier**, appearing pro se, and respectfully moves for the recusal of the

4

Honorable District Judge Linda Lopez pursuant to **28 U.S.C. §§ 144 and 455**. Judge Lopez is a long-standing,

5

though currently inactive, member of the **State Bar of California**, which is itself a named defendant in this

6

litigation. This affiliation with an adverse party creates both **actual bias** and the **appearance of bias**, thereby

7

depriving Plaintiff of the due process protections guaranteed by the **United States Constitution**, as well as the

8

Constitutions of **Nevada** and **California**.

Recusal is further warranted by Judge Lopez's **rulings, case-management practices, and prolonged suppression of Plaintiff's dispositive defenses**. Specifically, in *Dang v. Pontier III*, an interpleader action improperly filed in federal court, the jurisdictional requirements of **28 U.S.C. § 1335(1)** were not met, as the statute requires **two or more claimants asserting conflicting claims**. Instead, the action presented only a single claimant and was filed in the wrong venue under **28 U.S.C. § 1397**.

Despite being assigned to this matter on **January 7, 2022**, Judge Lopez has failed, declined, or neglected to rule on Plaintiff's defense interpleader  was filed and served after expiration of the applicable state statute of limitations. More than **three years and eight months** have passed without a ruling. As a result Plaintiff attempt at appeal were denied on basis no final order to appeal. Such delay, combined with suppression of Plaintiff's dispositive defenses, demonstrates a pattern of **partiality** and undermines **public confidence** in the integrity of these proceedings

**Table of Contents**

1. **Introduction** ................................................................................................ 1
2. **Table of Contents**.......................................................................................... **2**
3. Table of Authorities .......................................................................................... 2
4. **Table of Exhibits** ........................................................................................... 3
5. **Statement of Facts** ......................................................................................... 4
   - A. Preferential Rulings Benefiting the State Bar of California…………………………4
   - B. Suppression of Plaintiff's Motion for Sanctions Demonstrates Judicial Bias………..6
   - C. Suppression of Dispositive Defenses…………………………………………………,.8
   - D. Pattern of Disregarding Plaintiff's Evidence and Crediting Unsupported Claims…,…8
   - E. Denial of Oral Argument Demonstrates Judicial Bias………………………………10
   - F Plaintiff Prejudiced by 40 Day Judge Lopez Rule Unequal Application………..…….12
   - G. Plaintiff Disadvantaged by Transfer Outside of Proper Venue………………………12
   - H. Improper Venue and Interpleader Jurisdiction Ignored……………………….…....13
   - I. Unequal Burdens Imposed by Judge Lopez on Plaintiff Demonstrating Bias…………14
6. **Conclusion** ................................................................................................. 15
7. **Relief Requested** .......................................................................................... 15
8. **Proof of Service** ........................................................................................... 15

**MOTION FOR RECUSAL**                                   **Case No:  3:21-cv-00199-LL-DDL**

**Table of Arguments**

**I. Judge Lopez's Professional Affiliation with Defendant State Bar of California Creates an Appearance of Bias**

- Ongoing membership in the State Bar, itself a defendant, undermines impartiality.
- Recusal is required under 28 U.S.C. §§ 144, 455. (*Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988)).

**II. Preferential Rulings Consistently Favor the State Bar**

- Granting motion to set aside default despite waiver of service.
- Denying default judgment without oral argument.

**III. Suppression of Plaintiff's Rule 11 Motion for Sanctions Demonstrates Bias**

- Certified evidence of timely service disregarded.
- Courts recognize Rule 11 safe-harbor runs from date of service. (*Radcliffe*; *Truesdell*).

**IV. Suppression of Dispositive Statute of Limitations Defense**

- More than five years of delay.
- Violates due process (*Mathews v. Eldridge*, 424 U.S. 319 (1976)).

**V. Pattern of Disregarding Plaintiff's Evidence While Crediting Unsupported Assertions**

- Denial of default judgment despite signed waiver of service.
- Selective credibility given to State Bar members.

**VI. Denial of Oral Argument Denied Plaintiff a Meaningful Opportunity to Be Heard**

- Fundamental due process violated. (*Clemens v. U.S. Dist. Ct.*, 428 F.3d 1175 (9th Cir. 2005)).

**VII. Unequal Application of Judge Lopez's "40-Day Rule"**

- Defendants' motions resolved within 40 days.
- Plaintiff's dispositive motions delayed for months/years.

**VIII. Transfer Outside Proper Venue Disadvantaged Plaintiff**

- Improper transfer from Nevada to California.
- Created structural conflict, making it impossible for Plaintiff to retain counsel.

MOTION FOR RECUSAL                                    Case No:  3:21-cv-00199-LL-DDL

**IX. Interpleader Jurisdictional Requirements Ignored**

- Federal interpleader requires two or more adverse claimants.
- Dang assigned one claim to three entities; all later disclaimed interest.
- No statutory jurisdiction existed. (*Hudson*; *Ensley*; *Libby*; *Bozic*).

**X. One-Sided Burdens Imposed on Plaintiff**

- Plaintiff required to circulate settlement demands while pro se and disabled.
- Defendants largely ignored their obligations without consequence.

**Table of Authorities**

**Statutes**

- 28 U.S.C. § 1335(a)(1)
- 28 U.S.C. § 1397
- 28 U.S.C. §§ 144, 455
- Fed. R. Civ. P. 4(m)
- Fed. R. Civ. P. 11(c)(2)
- Fed. R. Civ. P. 60(b)(1), (3), (4), (6)

**Cases**

- *Offutt v. United States*, 348 U.S. 11 (1954)
- *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988)
- *Mathews v. Eldridge*, 424 U.S. 319 (1976)
- *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772 (9th Cir. 2001)
- *Truesdell v. S. Cal. Permanente Med. Grp.*, 293 F.3d 1146 (9th Cir. 2002)
- *Hudson Sav. Bank v. Austin*, 479 F.3d 102 (1st Cir. 2007)
- *Minnesota Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977 (9th Cir. 1999)
- *Libby, McNeill & Libby v. City Nat'l Bank*, 592 F.2d 504 (9th Cir. 1979)
- *In re Bozic*, 888 F.3d 1048 (9th Cir. 2018)
- *Yagman v. Republic Ins.*, 987 F.2d 622 (9th Cir. 1993)
- *Clemens v. U.S. Dist. Ct.*, 428 F.3d 1175 (9th Cir. 2005)
- *Joshua v. Newell*, 871 F.2d 884 (9th Cir. 1989)

**Table of Exhibits**

- **Exhibit A** – USPS Certified Mail receipt and return receipt (Rule 11 motion service)
- **Exhibit B** – Credit card statement showing USPS service charges
- **Exhibit C** –Waiver of Service signed by the State Bar of California

4

- **Exhibit D**  Billing records provided by Glen Nusbuam  August 8, 2012
- **Exhibit E**  Biling records provided by Dr. Kim last date service Feb 26, 2013
- **Exhibit  F**  Billing for Confernece Call between Defendant Dang and Dr. Yoo March 30, 2013
- **Exhibit G** Statement of Medical Services Payments Jan 1, 2014 – December 30, 2014

---

## STATEMENT OF FACTS AND ARGUMENTS

### A. Preferential Rulings Benefiting the State Bar of California

District Judge Linda Lopez has issued rulings favorable to the **State Bar of California**, including: (a) granting the State Bar's motion to set aside default, and (b) denying Plaintiff's motion for default judgment. These rulings, coupled with prolonged delays in addressing Plaintiff's dispositive defenses, suggest a pattern of protecting the State Bar from liability. Because this matter was Judge Lopez's **first assigned case** upon taking the bench, her impartiality warrants heightened scrutiny.

Judge Lopez's continued membership in the State Bar—a named defendant—creates an additional appearance of bias. Further, Judge Lopez is under institutional pressure not to issue rulings that conflict with those of District Judge Gonzalo Curiel, or that could imply prior rulings were grounded in judicial misconduct. Taken together, these circumstances raise serious questions about her independence and impartiality, requiring recusal under **28 U.S.C. § 455(a)**. See *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988) (recusal required where impartiality might reasonably be questioned).

### Preferential Rulings Benefiting the State Bar of California

District Judge Linda Lopez has issued rulings consistently favorable to Defendant **State Bar of California**, including:

1. Granting the State Bar's motion to set aside default; after Defendant waived service Rule 4(m)(Ex A) failing to abide by judicial precedent that Defendant cannot un-waive service.

5

2.  Denying Plaintiff's motion for default judgment without allowing oral argument.

These rulings, coupled with prolonged delays in deciding Plaintiff's dispositive defenses, reflect a pattern of protecting the State Bar from liability. Because this case was Judge Lopez's **first assigned matter upon taking the bench**, her impartiality is particularly significant. Yet her affiliation as a member of the State Bar, itself a named defendant, reasonably calls her neutrality into question.

Furthermore, Judge Lopez faces substantial **institutional pressure** to avoid issuing rulings that might conflict with prior decisions of District Judge Gonzalo Curiel, who improperly transferred this case from its proper venue in the **District of Nevada** to the **Southern District of California**. Any ruling by Judge Lopez that contradicts Judge Curiel's orders could be construed as acknowledging judicial misconduct. This context further **compounds the appearance of partiality** and raises serious concerns regarding the fairness and integrity of these proceedings

The Supreme Court has held that **"justice must satisfy the appearance of justice."** *Offutt v. United States*, 348 U.S. 11, 14 (1954). Likewise, under **28 U.S.C. § 455(a)**, recusal is required whenever a judge's impartiality might reasonably be questioned. The combination of Judge Lopez's rulings favoring the State Bar, her professional affiliation with that defendant, and her reluctance to scrutinize rulings made by her colleague Judge Curiel undermines public confidence in judicial fairness.

**B. Suppression of Plaintiff's Motion for Sanctions Demonstrates Judicial Bias**

On August 14, 2020, Plaintiff as Defendant in Dang v. Pontier III filed a **Motion for Sanctions** against Plaintiff Joseph Dang. District Judge Gonzalo Curiel suppressed the motion on the ground that Plaintiff allegedly failed to serve it 21 days prior to filing without allowing Defendant Pontier to file proof of service, as

6

**MOTION FOR RECUSAL**                                                        **Case No:  3:21-cv-00199-LL-DDL**

required by **Federal Rule of Civil Procedure 11(c)(2)**. Plaintiff Pontier, however, requested rehearing provided proof of compliance (Ex B,C):

- A **USPS Certified Mail receipt** showing the motion was mailed to Defendant Dang on **July 22, 2020**;
- A **return receipt**, signed **July 24, 2020**, confirming actual service.
- **Credit Card** statement showing charge from **USPS July 22, 2020**.

Since July has 31 days, service occurred **at least 21 days** before the August 14, 2020 filing date. Plaintiff therefore fully complied with Rule 11's safe-harbor requirement. When Judge Curiel claimed he could not read the dates on the mailing receipts Pontier provided his credit card statement(Ex C) which shows charges USPS on 7/22/2020 same day as the certified mail receipt.  No matter what evidence Pontier submitted Judge Curiel was never going to rule on the Motion for Sanctions, when Judge Lopez took over she did exactly what Judge Curiel refuse to rule on Motion For Sanctions claiming Plaintiff Pontier did not serve 21 days prior to filing.

Consequently, suppressing Plaintiff Dang a member of the State Bar of California bad faith filings of 3 interpleader complaint Dang v. Pontier I August 13, 2019(Dkt 1) Dang v. Pontier II January 10, 2019(Dkt 3), and Dang v. Pontier III August 9, 2019(Dkt 1), intentional failure to deposit full amount in conflict, intentional failure to serve within requirements of Rule 4 without good cause delaying proceedings, these facts were suppressed  from the court record making meaningful appeal unobtainable.

The **Advisory Committee Notes (1993 Amendment)** clarify that the 21-day period runs from the date of **actual service**, not "service plus mailing time." Courts consistently hold that **Rule 6(d) does not extend the 21-day safe-harbor period** when service is by mail. See *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 789 (9th Cir. 2001); *Truesdell v. S. Cal. Permanente Med. Group*, 293 F.3d 1146, 1151–52 (9th Cir. 2002). Accordingly, Plaintiff's service was timely and valid.

1    When this matter was reassigned, Plaintiff requested reconsideration. On March 28, 2025, Judge Lopez again

2    denied the motion (Dkt. 227) again not allowing oral argument, thereby **suppressing Plaintiff's Motion for**

3    **Sanctions (Dkt. 113) for more than five years**.

4    This reflects a pattern: whenever Plaintiff provided certified proof of service, the Court disregarded it on the

5    basis that Plaintiff, appearing pro se, "could not be believed," while unsubstantiated objections from

6    defendants—either members of the State Bar of California or the State Bar itself—were credited without

7    evidence. Such unequal treatment constitutes judicial bias.

8    The deliberate refusal to acknowledge valid proof of service, and the prolonged suppression of Plaintiff's Rule

9    11 motion, demonstrate a consistent effort to shield Defendant Dang a member of the State Bar of California

10   from sanctions. At a minimum, this creates the **appearance of bias**, mandating recusal under **28 U.S.C. §§ 144**

11   **and 455**. See *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988) (recusal required where

12   impartiality might reasonably be questioned); *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993).

13   **C. Suppression of Dispositive Defenses**

14   Judge Lopez's refusal to timely address Plaintiff's statute of limitations defense has the practical effect of

15   suppressing a dispositive defense and **foreclosing appellate review**. The Supreme Court has held that due

16   process requires meaningful opportunity for review. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). By

17   withholding a ruling, Judge Lopez has prevented Plaintiff from obtaining appellate consideration of claims

18   barred under California law (*Cal. Civ. Proc. Code* §§ 337, 339).

**MOTION FOR RECUSAL**                                                                 **Case No:  3:21-cv-00199-LL-DDL**

1  The California Supreme Court has held that time-barred claims must be dismissed as a matter of law. *Aryeh v.*
2  *Canon Bus. Solutions, Inc.*, 55 Cal. 4th 1185, 1191 (2013). Likewise, **Cal. Civ. Proc. Code § 337(d)** bars the
3  initiation of any legal proceeding after expiration of the statutory limitations period.

4  Plaintiff Dang's third party allegation of claims were based on medical bills ending  August 8, 2012, February
5  26, 2013 and March 20, 2013(Ex D-F) and insurance payment statement assigned to (3) different defendants
6  October 30, 2014 (Ex G) but were not filed until August 13, 2019 (Dkt. 1) complaint served (153) days late
7  January 11, 2020 (Dkt 24) Dang admitted without good cause (Dkt. 39) in violation Rule 4(m).

8  The California Supreme Court has long held that "an action is commenced when the complaint is filed; but the
9  statute of limitations is not tolled until the defendant is served with the summons and complaint." (*Woods v.*
10  *Young*, 53 Cal. 3d 315, 325 (1991)). .Dang  interpleader filed August 13, 2019 and served upon Pontier
11  January 11, 2020 (Dkt 24) years after expiration of the applicable statutes of limitation under **Cal. Civ. Proc.**
12  **Code §§ 337, 339** (four-year and two-year limitations, respectively). Federal courts sitting in diversity must
13  apply state statutes of limitation. See *Walker v. Armco Steel Corp.*, 446 U.S. 740, 752–53 (1980). Under
14  Oklahoma law, the statute of limitations was tolled only upon service, not filing.

15  Judicial misconduct encompasses both the suppression of meritorious motions and the failure to enforce clear
16  statutory requirements. See 28 U.S.C. § 455 (requiring disqualification when impartiality might reasonably be
17  questioned). By disregarding federal interpleader standards, California's statute of limitations, and motions
18  raising these issues, Judge Lopez deprived Plaintiff Pontier of a fair proceeding, in violation of the Fifth
19  Amendment guarantee of due process.  These actions call into question Judge Lopez's impartiality and justify
20  disciplinary investigation under **Rules for Judicial-Conduct and Judicial-Disability Proceedings**, Rule
21  3(h)(1), (2), & (3).

22  **II Conflict of Interest**

23  Plaintiff Pontier filed a bar complaint and a claim with the State Bar of California's Client Security Fund
24  seeking reimbursement of $100,000.00 converted by Attorney Defendant Dang in August 2016. Under **Cal.**
25  **Bus. & Prof. Code § 6140.5** and the State Bar's governing rules, payment from the Client Security Fund
26  requires a determination of attorney misconduct.  By suppressing Pontier's defenses and disregarding the

9

evidence that Dang had absconded with the funds in 2016, Judge Lopez ensured that Pontier's claim for reimbursement would be denied by the Client Security Fund. This suppression subverted the statutory purpose of the Fund—to protect clients from dishonest conduct by attorneys—and deprived Pontier of a meaningful opportunity to be heard, in violation of due process. See **Mathews v. Eldridge, 424 U.S. 319, 333 (1976)**.

Moreover, because Judge Lopez as a former California State Bar member, had personally contributed to the Client Security Fund through mandatory bar dues, her actions raise a serious appearance of partiality under **28 U.S.C. § 455(a)**, which requires disqualification where a judge's impartiality "might reasonably be questioned."

**D. Pattern of Disregarding Plaintiff's Evidence and Relying on Unsubstantiated Claims by State Bar of California and Members Demonstrates Bias**

A consistent pattern has emerged in which Judge Lopez disregards actual evidence submitted by Plaintiff while crediting unsupported assertions from members of the State Bar of California and the State Bar itself. This selective treatment demonstrates judicial bias and creates, at minimum, the appearance of partiality.

1. **Default Against the State Bar of California Reversed** Plaintiff submitted Defendant State Bar of California's signed **waiver of service** (Ex A), establishing receipt of the complaint and waiving formal service acknowledging awareness that if Answer not filed timely default would be imposed. Because Defendant failed to file a timely Answer, the Clerk of Court properly entered default(Dkt 76).. Plaintiff then moved for default judgment. In response, the State Bar filed a bare, hearsay assertion that it never received an amended complaint. Without holding oral argument, Judge Lopez rejected Plaintiff's actual documentary evidence and denied default judgment (Dkt. 100), crediting the State Bar's unsupported claim.  Rule 4(M) and controlling case law does not allow for a party to un-wave service.

2. **Motion for Sanctions Against Joseph Dang Suppressed** On August 14, 2020, Plaintiff as Defendant in Pontier v. Dang III filed a **Motion for Sanctions (Dang v. Pontier III)** against Defendant Dang. Plaintiff provided a **USPS Certified Mail receipt** and **return receipt** showing the motion was mailed July 22, 2020 and received July 24, 2020—at least 21 days before filing (Ex B). In response, Defendant Dang as Plaintiff a member of the State Bar of California, claimed service was untimely or not effected. Without hearing oral argument or addressing Plaintiff's proof, Judge Lopez refused to consider the motion and later denied it (Dkt. 227).

3. **Suppression of Statute of limitations Defense**    Plaintiff Pontier submitted overwhelming evidence that the interpleader file after expiration of Statute of limitations in violation of **Cal. Civ. Proc. Code § 337(d)**.    Pontier first asserted the defense in his Answer(Dkt 46) filed March 10, 2020, Motion to Dismiss (Dkt 49) filed March 12, 2020 asserted in motion after motion(Dkt 80, 109,113,144,145,190, 233).  Again Judge Lopez has ignored actual physical evidence that claims were barred by statute of limitations and has refused to hold oral argument or issue a ruling.

4. **Failure to Enforce Requirements of Federal Interpleader Statutes**  Federal statutory interpleader requires "two or more adverse claimants, of diverse citizenship, claiming or being entitled to claim." 28 U.S.C. § 1335(a)(1). Courts have emphasized that the stakeholder must face a real and reasonable risk of multiple liability, not merely assign a single obligation to several parties. *Hudson Sav. Bank v. Austin*, 479 F.3d 102, 107–08 (1st Cir. 2007); *Minnesota Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977, 981 (9th Cir. 1999).

Here, Plaintiff Joseph Dang attempted to circumvent this statutory requirement by assigning one undivided claim to three separate entities—UMR Inc., TEOCO Corp., and TEOCO Group Benefit—without identifying which entity actually held the claim. This effort to "launder" a single obligation into multiple parties fails to establish federal interpleader jurisdiction.

11

Further, Dang filed a Joint Stipulation (Dkt. 60) with UMR Inc., TEOCO Corp., and TEOCO Group Benefit, in which all four stipulated that none of them held any claim against Defendant Pontier. They were dismissed on that basis (Dkt. 63). Thus, by Dang's own admission and by court record, no adverse claimants existed.

UMR Inc., TEOCO Corp., and TEOCO Group Benefit did not attend mandatory ENE conference never filed any documentation of lien, no documentation of basis for claim. After UMR Inc., TEOCO Corp., and TEOCO Group Benefit were dismissed from the case, attorney Joseph Dang submitted a list of medical treatments that Plaintiff Pontier allegedly received in 2014 under his health insurance policy (Exhibit G). These charges included treatment for conditions wholly unrelated to the underlying accident, such as a scorpion sting and a broken arm caused by a fall. Because these treatments were not connected to the March 2012 accident, they were ineligible for reimbursement.

UMR Inc. provided Plaintiff Pontier with health insurance coverage through his domestic partner from January 1, 2014, through December 30, 2014. During this period, Plaintiff paid approximately $500 per month in premiums, totaling $6,000 for the fiscal year 2014.

UMR Inc. asserts that it paid $4,741.05 in benefits under Plaintiff's policy during that same period. By simple calculation, UMR collected $6,000 in premiums while paying out $4,741.05 in benefits, thereby netting a profit of $1,258.95.

Despite these figures, attorney Joseph Dang concluded—without presenting any supporting proof to the Court—that Plaintiff should repay $4,741.05 to UMR Inc. for medical treatments that were unrelated to the 2015 accident injuries. No evidence or documentation was provided to substantiate this conclusion. Further, Dr. Yoo, an orthopedic surgeon, never treated Plaintiff Pontier. Nevertheless, the billing document that Dang attributed to Dr. Yoo (Exhibit F) as medical services to Plaintiff Pontier contained

12

charges for activities unrelated to medical treatment, including a conference call between Dang and Dr. Yoo.

By suppressing Plaintiff's motions and denying requests for oral argument, the Court deprived Plaintiff of a meaningful opportunity to contest the validity of these billing statements. The inclusion of charges for conditions and services unrelated to the March 2012 accident—yet represented as accident-related medical expenses—constitutes misrepresentation and potential fraud.

In response to discovery  Dang failed to produce any documents with Plaintiff Pontier original signature that could be authenticable evidence of liens.

Despite this, Judge Lopez disregarded statutory requirements and binding precedent, asserting—without identifying any specific party—that a "possible" second claimant existed with "possible" claim related to documents Dang filed after TEOCO Corp., TEOCO Group Benefit, and UMR Inc. dismissed(Dkt 63) and Dr. Kim, Dr. Yoo, Glen Nusbaum, defaulted(Dkt 98)

Likewise, Judge Curiel had failed to identify which party qualified as a second claimant, relying instead on vague references to a "possible" claim "possible" claimant. Such rulings directly contradict the statutory mandate of § 1335 and established case law, and therefore reflect judicial bias and error.

This pattern of disregarding admissible evidence in favor of unsupported statements by attorneys who are members of the State Bar of California reflects bias against Plaintiff as a pro se litigant. Courts have held that such conduct undermines the fairness of proceedings and violates due process. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (due process requires meaningful consideration of evidence); *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (recusal warranted where impartiality might reasonably be questioned).

By denying oral argument and issuing rulings that ignore Plaintiff's documented evidence, Judge Lopez has consistently shielded members of the State Bar of California and Defendant State Bar of California from

**MOTION FOR RECUSAL**                                    **Case No:  3:21-cv-00199-LL-DDL**

adverse rulings. This selective treatment creates both actual bias and the appearance of bias, requiring recusal under **28 U.S.C. §§ 144 and 455**. See *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988).

### E. Denial of Oral Argument Demonstrates Judicial Bias

Judge Lopez has denied every request by Plaintiff Pontier for **oral argument**. All rulings have been issued without affording Plaintiff an opportunity to be heard in open court. As a result, Plaintiff has been unable to emphasize the significance of evidence submitted, or to raise timely objections regarding the Court's failure to consider critical filings.

Oral argument was particularly vital in this case and in *Dang v. Pontier III* because the litigation spans **thirteen years of events**, involves **multiple complaints** (four filed by Joseph Dang and this one filed by David Pontier), and incorporates the **October 28, 2018 settlement of all claims** with UMR Inc. and TEOCO parties, as well as extensive prior court records and motions predating reassignment of cases to Judge Lopez.

Without oral argument, Plaintiff was denied the chance to highlight properly filed evidence and key events that Judge Lopez may not have been fully considered amidst the voluminous record. Moreover, the medical billing records underlying Dang's claims are **thirteen years old** and barred by statute of limitations—precisely the type of evidence that requires adversarial testing to ensure fairness.

The consistent refusal to hear oral argument has had two significant consequences:

1. It ensured that Plaintiff's arguments and objections were excluded from the record; and
2. It prevented **meaningful appellate review**, as issues not raised or preserved in the record are more difficult to present on appeal.

This practice undermines fundamental due process protections. The Supreme Court has long held that the **"fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a**

14

1  meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). The Ninth Circuit likewise has stressed
2  that **"justice must satisfy the appearance of justice."** *Clemens v. U.S. Dist. Ct.*, 428 F.3d 1175, 1178 (9th
3  Cir. 2005).

4  By categorically denying oral argument, Judge Lopez created not only the **appearance of bias**, but also actual
5  prejudice to Plaintiff's ability to prosecute his case. Under **28 U.S.C. §§ 144 and 455**, recusal is required
6  whenever a judge's impartiality might reasonably be questioned. See *Liljeberg v. Health Servs. Acquisition*
7  *Corp.*, 486 U.S. 847, 860 (1988).

8  **Unequal Application of  Judge Lopez "40-Day Rule" against Plaintiff Pontier**

9  At a status conference, Magistrate Judge Allison Goddard stated that Judge Lopez intended to quickly resolve
10  both *Dang v. Pontier III* and *Pontier v. GEICO*, ruling on all motions within forty (40) days of filing.  When
11  filing motions calculate 40 days from date of filing use that as hearing date on motion and Judge Lopez will
12  rule within 40 days.  Judge Lopez consistently applied this self-imposed deadline **to defendants' motions all**
13  **filed by members of Defendant The State Bar of California**, consistently ruling within 40 days, but failed to
14  rule upon  Plaintiff' Pontier motions filed Pro Se. within the same 40 day time limit For example:

15  Plaintiff filed a **Motion to Dismiss (Dkt. 190)** on February 2, 2024 set for hearing/ruling March 8, 2024. Judge
16  Lopez delayed issuing only a partial ruling until September 30, 2024 (Dkt. 220)—a delay of 242 days.  The
17  dispositive statute of limitations defense, first raised March 12, 2020 (Dkt. 49) was not ruled upon and has
18  remained unresolved for over **five years and six months.** This disparate treatment deprived Plaintiff of equal
19  process, effectively insulating defendants from adverse rulings. See *Joshua v. Newell*, 871 F.2d 884, 886 (9th
20  Cir. 1989) (failure to timely rule on dispositive motions constitutes due process violation).

**F Plaintiff Prejudiced by 40 Day Rule Unequal Application**

Following transfer of this case from the District of Nevada to the Southern District of California, Plaintiff Pontier was placed at a distinct procedural disadvantage. Defendants, consisting of multiple large institutions, including at least 2 multibillion dollar corporations and individuals, routinely filed motions at or around the same time. As a result, Plaintiff—appearing pro se—was forced to respond to numerous filings within a compressed time period, so that the Court could rule on their motions quickly within the 40 day rule. This scheduling imbalance further disadvantaged Plaintiff, due to affiliation conflict of interest created by transfer which made it impossible for Plaintiff to retain counsel.

**G. Plaintiff Disadvantaged by Transfer Outside of Proper Venue**

No consideration was given to the fact that this case was originally filed in the **District of Nevada**, based upon **Nevada insurance law**. Judge Lopez, lacking experience with Nevada insurance law, instead applied standards consistent with **California law**. Rather than acknowledge that the transfer was improper, Judge Lopez denied Plaintiff's Motion for Recusal

This conduct raises significant concerns under **28 U.S.C. § 455(a)**, which requires disqualification whenever a judge's impartiality might reasonably be questioned. See *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988).Compounding the prejudice, Plaintiff was unable to retain counsel in California. More than one hundred attorneys declined representation because of their membership in, or affiliation with, Defendant State Bar of California and/or Defendant Dang a member of State Bar of California.

This structural conflict of interest effectively denied Plaintiff access to counsel—an impairment that would not have arisen had the case remained in the proper venue, the District of Nevada.  By accelerating ruling upon

**MOTION FOR RECUSAL**                                             **Case No:  3:21-cv-00199-LL-DDL**

Defendants Judge Lopez effectively required Plaintiff Pontier representing himself pro se respond quickly while Plaintiff motions based upon jurisdiction and venue were not ruled upon.  Defendants aware of the requirements often filed within the same time period resulting in Plaintiff Pontier having to respond to many motions within a compressed time limit.

H **Improper Venue and Interpleader statutory Jurisdictional Requirements Ignored**

Plaintiff's Motion for Change of Venue (Dkt. 195) highlighted that federal interpleader jurisdiction requires at least two adverse claimants of diverse citizenship. *Libby, McNeill & Libby v. City Nat'l Bank*, 592 F.2d 504, 507 (9th Cir. 1979). Dang v. Pontier III ENE conference, only Pontier appeared as a defendant only pontier asserted a claim only Pontier qualified as a claimant28 U.S.C. § 1335(1). Further, venue under 28 U.S.C. § 1397 is proper only in the district of a claimant's residence—Nevada, not California. See *In re Bozic*, 888 F.3d 1048, 1054 (9th Cir. 2018). Judge Lopez declined to apply this binding precedent, to Plaintiff's detriment claiming that interpleader statute requires claimant to show prejudice if interpleader improperly venued yet 28 U.S.C. § 1335(1) 28 U.S.C. § 1397 contain no such requirement.  Again this ruling made denying oral argument so that Pontier could not dispute the requirement of bias nor demonstrate bias to fulfill this supposed requirement.

I. **Unequal Burdens Imposed by Judge Lopez on Plaintiff Demonstrating Bias**

On January 11, 2024, Judge Lopez required Plaintiff to prepare and circulate detailed settlement demands to defendants, despite Plaintiff's pro se status, disability, and ongoing medical treatment.  Similar to Rule 16.1 ENE requirements but only Plaintiff Pontier was required to comply with order.

(Dkt 61) Scheduling Order Judge Lopez ordered all Plaintiff Pontier to

**MOTION FOR RECUSAL**                                                    **Case No:  3:21-cv-00199-LL-DDL**

1. David Pontier must present a settlement demand via email to (1) Joseph Dang through his counsel, Andrew Servais, (2) GEICO Insurance through its counsel, Jack Burns, and (3) JP Morgan Chase Bank through its counsel, Brett Watson, by January 11, 2024. Mr. Pontier must also send his email to the Court's email address (efile_goddard@casd.uscourts.gov)

This imposed significant burdens on Plaintiff forced to represent himself pro se due to transfer to improper venue, diverting time and resources from legal research case preparation. By contrast, defendants with exception of Defendant GEICO Insurance largely ignored responding to Plaintiff settlement demands and their responsibilities under the order without consequence. Such one-sided enforcement further evidences judicial bias.

---

**IV. Conclusion**

For the reasons detailed above, Judge Lopez's professional affiliation with the State Bar of California, her repeated rulings favoring that defendant, her suppression of dispositive defenses, and her refusal to address jurisdictional defects create both **actual bias** and the **appearance of bias**. The cumulative effect of these actions undermines public confidence in judicial fairness and violates the guarantees of due process.

The law is clear: "justice must satisfy the appearance of justice." *Offutt v. United States*, 348 U.S. 11, 14 (1954). Under **28 U.S.C. §§ 144 and 455**, recusal is mandatory where impartiality might reasonably be questioned.

---

**Relief Requested**

WHEREFORE, Plaintiff respectfully prays that this Court:

1. Recuse District Judge Linda Lopez and Magistrate Judge David D. Leshner pursuant to 28 U.S.C. §§ 144 and 455;

MOTION FOR RECUSAL                                    Case No:  3:21-cv-00199-LL-DDL

2. Vacate the Order of Enjoinment and Transfer under Fed. R. Civ. P. 60(b)(1), (3), (4), and (6);
3. Reinstate *Pontier v. GEICO Insurance* in the District of Nevada, the proper venue;
4. Vacate all orders issued in reliance on the improper enjoinment and transfer; and
5. Grant such other and further relief as the Court deems just and proper.

---

Respectfully Submitted    Dated: September 21, 2025

*s/  David S. Pontier,Pro se.*

Plaintiff David S. Pontier, Pro se.
E-mail: ru4funlv@gmail.com

## **PROOF OF SERVICE**

STATE OF NEVADA, COUNTY OF CLARK

I am a party to this action representing myself Pro Se.   I am presently unemployed due to spinal injury my home address is 7118 Pinelake Rd., Las Vegas, Nevada 89145.

On September 21, 2025, I served the foregoing documents describe as  Motion For Recusal in the manner indicated below on the persons(s) listed on the attached service list:

(X ) BY ELECTRONIC FILING On this date, I filed the above referenced document(s) via the United States District Court, Central District of California electronic filing system and all attorneys who have appeared in this matter that have registered for electronic service will be served in that manner.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct, and that this declaration was executed on  September 21, 2025 , at Las Vegas, Nevada.

*s/  David S. Pontier,Pro se.*

Plaintiff David S. Pontier, Pro se.
E-mail: ru4funlv@gmail.com

## **SERVICE LIST**

MOTION FOR RECUSAL                                    Case No:  3:21-cv-00199-LL-DDL

1

Defendant JP Morgan Chase Bank
Brett David Watson
Cozen O'Connor
401 Wilshire Boulevard
Suite 850
Santa Monica, CA 90401
310-393-4000
bwatson@cozen.com


Joseph Dang
#220
7220 Trade Street
San Diego, CA 92121
(858) 925-4525
No email address on file


Raul G. Duran, Jr.
The State Bar of California
180 Howard Street
San Francisco, CA 94105
415-538-2079
raul.duran@calbar.ca.gov

Defendant GEICO
Mark W. Hansen
Law Office of Mark W. Hansen
501 W. Broadway, Suite 1480
San Diego, CA 92101
Tel: 619-214-6066
619-354-7195 (fax)
markwhansen123@gmail.com


Clerk's Office
U.S. District Court Southern District of California
Suite 420
333 West Broadway
San Diego, CA 92101
efile_goddard@casd.uscourts.gov


John F. Burns
Sheppard Mullin
501 West Broadway
18th Floor
San Diego, CA 92101
619-338-6588
jburns@sheppardmullin.com

2

**MOTION FOR RECUSAL**                                **Case No:  3:21-cv-00199-LL-DDL**