**David Pontier, Pro Se**
**Plaintiff**
**7118 Pinelake Rd.**
**Las Vegas, Nevada 89145**
**(702)-861-8845**
**ru4funlv@gmail.com**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **David Pontier, Pro se. an individual.** <br> **Plaintiff,** <br><br> v. <br><br> **GEICO Insurance, Maryland Corporation:** <br> **Farmers Inc., California Corporation** <br> **JP Morgan Chase Bank, N.A. a Delaware Corporation** <br> **Joseph Dang, an individual;** <br> **The State Bar of California: California Corporation** <br> **State of California :California Corporation** <br> **Does 1-10,Individual** <br> **Defendants.** | **Case No:  3:21-cv-00199-LL-DDL** <br> **Formerly Case No: 2:20-cv-01446-RFB-BNW** <br><br> **District Judge Hon. Linda Lopez Hon.** <br> **Magistrate Judge David D. Leshner** <br><br> **RESPONSE ORDER TO SHOW CAUSE** <br><br> **Complaint Filed: August 5, 2020** <br><br> **Hearing Date: September 23, 2025** |

### PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

Comes now Plaintiff **David Pontier**, appearing pro se, and respectfully submits this response to the Court's Order to Show Cause dated September 9, 2025 (ECF No. 161) regarding service of process. Plaintiff objects to the basis of the Court's order, as it arises directly from the **improper transfer** of this action from the District of Nevada to the Southern District of California. The transfer created structural conflicts, undermined proper venue under 28 U.S.C. § 1397, and has substantially prejudiced Plaintiff's ability to complete service and prosecute his claims fairly.

1

RESPONSE ORDER TO SHOW CAUSE                                           Case No:  3:21-cv-00199-LL-DDL

1  Initially the case was filed August 4, 2020 **Lloyd D. George U.S. Courthouse** 333 South Las Vegas
2  Boulevard South, Las Vegas, NV 89101.  At that time the courthouse was closed due to covid-19 lockdown
3  and armed federal agents allowed Plaintiff to file the complaint by deposit into clerk of court drop box.   Due
4  to lockdown personal service was impractical and all defendants were mailed copies of the complaint with
5  request to waive personal service.   Defendants in show cause order have not responded with service waivers
6  and the case has been transferred outside proper venue.  Plaintiff believes personal service should only be
7  affected once all challenges to jurisdiction and venue have been resolved.

8  Plaintiff respectfully requests that the Court defer any dismissal ruling until after adjudication of Plaintiff's
9  pending motions, including: (1) the **Motion to Dismiss** challenging jurisdiction and venue under the expiration
10 of California Code of Civil Procedure §§ 337 and 339; (2) the **Motion to Vacate Order of Enjoinment**; and
11 (3) the **Motion to Vacate Order of Transfer**. Each of these motions directly challenges the propriety of venue
12 and the Court's jurisdiction in this matter. Proceeding with dismissal before these threshold issues are resolved
13 would further compound the prejudice caused by the improper transfer.

---

## II. Objection to Venue Transfer

16 This action was originally filed in the **District of Nevada** pursuant to 28 U.S.C. § 1397, as Plaintiff resides in
17 Nevada and venue for statutory interpleader lies in the district where a claimant resides. Venue in California
18 was improper under the plain language of the statute. See *In re Bozic*, 888 F.3d 1048, 1054 (9th Cir. 2018);
19 *Libby, McNeill & Libby v. City Nat'l Bank*, 592 F.2d 504, 507 (9th Cir. 1979).

20 The transfer to the Southern District of California was effected without Plaintiff's consent and over Plaintiff's
21 objection. This transfer deprived Plaintiff of access to local Nevada counsel—more than one hundred

California attorneys declined representation because of their membership in, or ties to, Defendant State Bar of California of Defendant Dang membership in The State Bar of California. As a direct result of the improper transfer, Plaintiff disabled has been forced to proceed pro se in a foreign venue, substantially impairing his ability to comply with procedural requirements such as service deadlines.

## III. Good Cause Exists Under Rule 4(m)

Even if Rule 4(m) were applied strictly, dismissal would be inappropriate here. Good cause exists to extend the time for service:

1. **Improper Venue Transfer**: Because this matter was wrongly venued in California, any procedural defaults caused by the transfer should not be attributed to Plaintiff.
2. **Prejudice from Judicial Misconduct**: Judge Curiel and Judge Lopez's repeated refusal to rule on Plaintiff's dispositive defenses—including improper venue—has delayed case progress and made compliance with deadlines practically impossible.
3. **Efforts to Effect Service**: Plaintiff has made repeated efforts to serve Defendants, including obtaining summonses from the Clerk of Court and filing proofs where possible. Any alleged deficiency is technical rather than substantive, as Defendants—including the State Bar of California—have long been on actual notice of this litigation.

The Ninth Circuit has consistently held that Rule 4(m) requires extension of service deadlines where good cause is shown. See *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).

## IV. Prejudice to Plaintiff

Dismissal would substantially prejudice Plaintiff, who has diligently pursued his claims for over five years. By contrast, Defendants—many of whom have already appeared and participated—cannot claim surprise or prejudice from any technical deficiencies in service. Courts have recognized that dismissal under Rule 4(m) is inappropriate where, as here, the defendants have actual notice of the action and the plaintiff has shown reasonable diligence.

Initially the case was filed August 4, 2020 **Lloyd D. George U.S. Courthouse** 333 South Las Vegas Boulevard South, Las Vegas, NV 89101. At that time the courthouse was closed due to covid-19 lockdown and armed federal agents allowed Plaintiff to file the complaint by deposit into clerk of court drop box. Due to lockdown personal service was impractical and all defendants were mailed copies of the complaint with request to waive personal service. Defendants in show cause order have not responded with service waivers and the case has been transferred outside proper venue. Plaintiff believes personal service should only be affected once all challenges to jurisdiction and venue have been resolved.

---

## V. Relief Requested

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. **Acknowledge Plaintiff's continuing objection to the transfer of venue** from the District of Nevada;
2. **Find good cause to extend the Rule 4(m) deadline** for service of process;
3. **Deny dismissal** of Plaintiff's claims against Farmers Insurance, PHIA Group, LLC, the State Bar of California, and the State of California; and
4. Grant such other and further relief as the Court deems just and proper.

---

Respectfully Submitted    Dated: September 22, 2025

*s/  David S. Pontier, Pro se.*

Plaintiff David S. Pontier, Pro se.
E-mail: ru4funlv@gmail.com

## PROOF OF SERVICE

STATE OF NEVADA, COUNTY OF CLARK

   I am a party to this action representing myself Pro Se.  I am presently unemployed due to spinal injury my home address is 7118 Pinelake Rd., Las Vegas, Nevada 89145.

      On September 22, 2025, I served the foregoing documents describe as  Response Order to Show Cause  in the manner indicated below on the persons(s) listed on the attached service list:

(X ) BY ELECTRONIC FILING On this date, I filed the above referenced document(s) via the United States District Court, Central District of California electronic filing system and all attorneys who have appeared in this matter that have registered for electronic service will be served in that manner.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct, and that this declaration was executed on  September 22, 2025 , at Las Vegas, Nevada.

*s/  David S. Pontier, Pro se.*

Plaintiff David S. Pontier, Pro se.
E-mail: ru4funlv@gmail.com

## SERVICE LIST

| | |
|---|---|
| Defendant JP Morgan Chase Bank<br>Brett David Watson<br>Cozen O'Connor<br>401 Wilshire Boulevard<br>Suite 850<br>Santa Monica, CA 90401<br>310-393-4000<br>bwatson@cozen.com | Defendant GEICO<br>Mark W. Hansen<br>Law Office of Mark W. Hansen<br>501 W. Broadway, Suite 1480<br>San Diego, CA 92101<br>Tel: 619-214-6066<br>619-354-7195 (fax)<br>markwhansen123@gmail.com |

5

**RESPONSE ORDER TO SHOW CAUSE**       **Case No:  3:21-cv-00199-LL-DDL**

1

Joseph Dang
#220
7220 Trade Street
San Diego, CA 92121
(858) 925-4525
No email address on file

Raul G. Duran, Jr.
The State Bar of California
180 Howard Street
San Francisco, CA 94105
415-538-2079
raul.duran@calbar.ca.gov

Clerk's Office
U.S. District Court Southern District of California
Suite 420
333 West Broadway
San Diego, CA 92101
efile_goddard@casd.uscourts.gov

John F. Burns
Sheppard Mullin
501 West Broadway
18th Floor
San Diego, CA 92101
619-338-6588
jburns@sheppardmullin.com

6

RESPONSE ORDER TO SHOW CAUSE                                    Case No: 3:21-cv-00199-LL-DDL